### KERBY & POTTER vs. CHADWELL.

The neglect of an Attorney to file a plea to an action is no cause for setting aside a judgment by default.

### APPEAL from Dade Circuit Court.

RICHARDSON *for Appellant.*

JONES *for Appellee.*

The appellee contends that the judgment of the Court should be affirmed.

1. Because according to the provisions of the 5th section of the act regulating petition in debt, R. C. 1845, page 802, the Court has no discretion, and cannot extend the time for pleading. It is a positive Legislative enactment, and there is no section in the act explanatory thereof or which gives discretionary power to the Court.

2. Because the 14th section of the act regulating practice at law, R. C. 1845, page 810, is only applicable to pleading under that act, and does not extend to actions brought by petition in debt.

3. Because, if it was a matter in the discretion of the Court, the Supreme Court will not undertake to decide whether the Circuit Court exercised its discretion soundly or wisely, unless there has been a gross, unwise or palpable misexercise of that discretion.

4. Because something more than a mere affidavit of merits is requisite, and due diligence should be shown in order to entitle the party to have the judgment by default set aside. Vide 4 Mo. Reps. 567 ; 7 Mo. Reps. 256; Wendell, 517.

McBride, J., *delivered the opinion of the Court.*

Samuel Chadwell brought his action by petition and summons in the Dade Circuit Court against John C. Kirby and Burton Potter on a promissory note for $100. The process having been personally served more than fifteen days before the return day of the April Term of said Court, 1846, and the defendants not having pleaded, or answered the action on or before the second day of the term, judgment by default was entered against them by the Court, on the third day of the term. On the fifth day of the term a motion to set aside the judgment by default was filed together with the affidavit of one of the defendants in the cause, and also the affidavit of William H. Otter, an attorney at law in said Court, in support of said motion. On the sixth day of said term the motion was heard and the same was by the Court overruled. To the opinion of the Court in overruling the motion the defendants excepted, and appealed to this Court.

The bill of exceptions contains the affidavit of the defendant Kirby, sustained by that of Otter, and sets out substantially that on the first day of the term, Kirby spoke to Otter to file a plea for him in the cause. That the note was given for a gaming consideration, that the attorney through inadvertence omitted to plead, whereby judgment by default was rendered against the defendants. The attorney states in addition that on the first day of the term he was appointed *Circuit Attorney, pro tempore,* in consequence of the illness of that officer, and that as there was a good deal of business before the grand jury and in the Court requiring his attention, he forgot his engagement and omitted to file the plea in time.

The omission of the attorney spoken to in the cause to plead within the time prescribed by law, cannot place the application to set aside the judgment by default upon more favorable grounds than if the omission had been on the part of the defendant himself. The attorney is the agent of the party employing him, and in the Court stands in his stead,

and any act of the attorney must from necessity be considered as the act of his client, and obligatory on the client. This principle is so well understood and has been so long acted upon as to render it almost useless to refer to it—a different principle could not be tolerated by the Courts without immediately leading to endless confusion and difficulty in the administration of justice.

The affidavits do not show a sufficient legal excuse for failing to plead, and we are of opinion that the Circuit Court did not err in overruling the motion to set aside the judgment by default. See further on this subject, Field & Cathcart vs. Matson, 8 Mo. Reps. 686.

Judgment affirmed.