GEORGE GEHRKE, Respondent, *vs.* MICHAEL JOD, Appellant.

1. *Attorney—Failure to plead—Client must suffer.*—Where an attorney is employed in a cause, the fact that his client is not in fault, and that judgment goes against him through the *laches* or bad faith of the attorney will furnish no ground for relief. The acts and omissions of the attorney in such case are those of the client.

*Appeal from St. Louis Circuit Court.*

*Thomas Childress,* for Appellant.

*H. A. Clover with F. & L. Gottschalk,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This case comes before us for review from a ruling of the court below, refusing to set aside a judgment rendered against the defendant for want of an answer. It appears that the summons was served on the defendant in May, but not in time to bring defendant in for the June term, and therefore the cause was triable at the October term. At that term there was no appearance for the defendant, and no answer filed, and a final judgment was rendered, which the defendant moved to set aside in eight days after its rendition. The motion is accompanied with an affidavit in which he states that when the process was served on him he employed one Poepping, an attorney at law, to attend to the case for him, and put him in possession of the facts relied on for a defence; that Poepping told him that the case could not be tried till the October term, and that it would be necessary to have a new writ served on him; that no further service was made, and that he knew nothing more about it till he saw in the papers that the October term was in session. He then went to Poepping to see about the matter and was assured by him that he was attending to it, and he alleges that Poepping did nothing but permitted judgment to go by default, and that as soon as he was advised of the judgment he appeared and moved to set it aside.

It has been frequently decided in this court that the omission of the attorney spoken to in the cause to plead, or make

the proper defence, cannot place the application to set aside the judgment by default upon more favorable grounds, than if the omission had been on the part of the defendant himself. The attorney is the agent of the party employing him, and in the court stands in his stead, and any act of the attorney must necessarily be considered as the act of the client. (Field vs. Matson, 8 Mo., 686; Kirby vs. Chadwell, 10 Mo., 392; Austin vs. Nelson, 11 Mo., 192; Ridgley vs. Steamer Reindeer, 27 Mo., 442.) A different principle would lead to endless confusion and difficulty in the administration of justice.

In the present case, the damages had been assessed, and the judgment made final, and under such circumstances it would require strong proof of fraud or gross abuse of power to authorize us to interfere with the discretion of the court below. But the affidavit only shows a case of culpable negligence on the part of the attorney, and against that we will not relieve.

The judgment cannot be disturbed without overthrowing the long settled practice in this State, and it must therefore be affirmed.

All the judges concurring.