STATE ex rel. ARBEY KILLORAN, Relator, v. HON. JOHN W. CALHOUN, Judge of the Juvenile Division of the Circuit Court of the City of St. Louis, Mo., Respondent.

St. Louis Court of Appeals. Argued and submitted February 25, 1919. Opinion Filed April 8, 1919.

1. **MANDAMUS: Motion for Judgment on Return: Effect.** Where the relator in a mandamus proceeding moves for judgment on the return of the respondent, the effect of such motion is to admit all matters therein well pleaded.

2. **APPEALS: Creature of Statute.** An appeal is a creature of statute.

3. **———: Juvenile Courts: Minors: Persons Entitled to Appeal.** Under Session Acts, 1911, page 185, the Act establishing Juvenile Courts, here applicable, it is provided that an appeal may be allowed to the child from any final judgment of delinquency or final order of commitment made under the act, by a guardian, by either parent, by previous custodian, or by any person within the fourth degree of kindred to the child. *Held* that relator here, a half brother of the child, had the right to take this appeal, if making the application and taking it in due time.

4. **———: ———: ———: Sentence: Appeal Must be Taken During Term.** Under Session Acts, 1911, page 185, establishing juvenile courts, and sections 2040 and 5292, Revised Statutes 1909, there is no power in the trial court to allow an papeal, unless the appeal be applied for and taken at the term of the court in which the judgment was rendered.

5. **———: ———: ———: Commitment Under Juvenile Court Act: Supersedeas: Appellate Practice.** Under the provisions of section 2, of the Juvenile Court Act (Acts of 1911, page 185), and section 2043, Revised Statutes 1909, where a minor has been committed to the State Reform School by a final judgment, on proper application, any judge of the Supreme Court or either of the Courts of Appeals, may grant an appeal by special order for that purpose at any time within one year next after the rendition of the final judgment or decision in the cause.

6. **MANDAMUS: Will Not Lie When Other Adequate Remedy.** Mandamus will not lie when there is another adequate remedy.

Mandamus. Original Proceeding.

ALTERNATIVE WRIT QUASHED AND WRIT DENIED.

*Roy Schooley* for relator.

A proceeding in the juvenile court must be instituted by an information, pleading the facts with all the particularity of a common law information charging crimes or misdemeanors, and under the oath of a probation officer, city, prosecuting attorney or circuit attorney. Sess. Acts 1911, page 181, sec. 7; State v. Hayward, 83 Mo. 299; Ex parte Lucy See, 241 Mo. 292; State ex rel. Tincher, 258 Mo. 21. An appeal shall be allowed on final judgment rendered on information when defendant makes application during term judgment was rendered, by filing his affidavit during said term. R. S. 1909, sec. 5292. But in juvenile cases such appeal may be demanded on part of defendant (or child) by guardian, either parent, its previous custodian or any person within the fourth degree of kindred of such child. Sess. Acts 1911, page 185, sec. 20. The Juvenile Act shall be liberally construed. Sess. Acts 1911, page 185, sec. 22. The St. Louis Court of Appeals may allow appeals if upon inspection of the record it shall appear that error has been committed. Sec. 2043, R. S. 1909.

*Charles H. Daues* and *Everett Paul Griffin* for respondent.

An appeal is statutory, and the statute *must* be complied with. The affidavit for appeal in this case was not filed during the term of court at which the judgment was rendered, but was filed with the clerk in vacation after said term of court had adjourned. Therefore it was not the legal duty of respondent to allow an appeal in said case, and the St. Louis Court of Appeals cannot by writ of mandamus compel him to allow an appeal unless it was his legal duty to do so. Rev. Stat. 1909, Sec. 2040; State v. Roscoe, 93 Mo. 146; State ex rel. Wooldridge v. Keuhler, 83 Mo. 193;

Brown v. Railroad, 83 Mo. 478; State v. Fawcett, 212 Mo. 729; State v. Brown, 206 Mo. 501; Walser v. Leach & Co., 195 Mo. App. 280; Stavely v. Kunkel, 27 Mo. 422; City v. Gunning Co., 138 Mo. 347; State ex rel. Smith v. Coleman, 182 Mo. App. 358.

REYNOLDS, P. J.—This is an application by relator for mandamus to compel the Honorable, the judge of the circuit court of the city of St. Louis, sitting in the Juvenile Division of that court, to allow an appeal from a finding of the court sentencing one Mary Killoran, a minor, aged fifteen years, to be committed to the State Reform School at Chillicothe, Missouri, until she arrived at the age of twenty-one years. It appears that the minor was first arrested by the police and taken before the juvenile court. Afterwards, however, ·the probation officer of that court filed an information, on January 21, 1919, charging that she had knowingly associated with vicious and immoral persons, the information signed by the probation officer but sworn to by one Mary Gunn, who it seems was an assistant or deputy of the probation officer. The cause was heard before the court and the girl at first committed to the House of Detention, without bond, on probation. During the December, 1918, term of said court, and on the 30th day of January, 1919, and during the session of the juvenile court, a half brother of the minor filed a motion for a new trial, that day being near the close of the regular December, 1918, term of the court. On the 31st of January the Honorable Judge of the court overruled the motion for a new trial, without notice to counsel for the minor, as it is said, and thereupon set aside the above parole and ordered the girl committed to the State Reform School at Chillicothe until she attained the age of twenty-one years. It is stated in the application for the alternative writ of mandamus that the relator, the half brother of the minor, did not learn of this action until the evening of Friday. January 31st, after the court had "closed for the day," and he thereupon prepared an affidavit for an appeal, which

he filed with the clerk before noon, on Saturday, February 1, 1919, "that being the last day of the December, 1918, term of the Juvenile Division of the circuit court," as it is averred. It is further averred that the Honorable Judge of the court "absented himself from the court room and could not be reached by your relator" to request the allowance of the appeal on this "last day of the December Term" and it was not acted upon by him during the "term" it was filed as aforesaid but allowed to remain on file until Tuesday, February 4, 1919, the second day of the next succeeding term of the circuit court, Juvenile Division, when the application, being called to the attention of the Honorable Judge of the Juvenile Division of the court, he refused to allow the appeal. Our writ of mandamus is prayed to compel the respondent, as the Honorable Judge of the Juvenile Division of the circuit court, to grant the appeal.

It is set out in the return of the Honorable Judge, among other things, and after the recital of the fact that the information had been filed by the probation officer, that "on January 30," 1919, and during the December, 1918, term, the case was called and that Mary Killoran, the minor, appeared in court in person and by counsel, entered a plea of not guilty and filed a motion for a jury to try the issues of fact, which was overruled because there is no provision of law for a trial by jury in a case of this character, and because the offense was not a violation of the statute; that a motion was made by counsel asking respondent to procure a stenographer to take down the testimony of witnesses, which respondent denied on the ground that there was no provision of law for a stenographer in that court; that thereupon respondent heard the evidence in the case, tried it in open court, and in accordance with the law and after hearing the evidence found the defendant to be a delinquent child and ordered that she be placed on probation; that thereafter, on the following day, January 30, 1919, the defendant minor, through counsel, filed a motion for new

trial; that on the following day, January 31st, respondent having duly considered the motion for a new trial, overruled it, and after hearing additional evidence as to the charge against Mary Killoran, adjudged that she be committed to the State Industrial School for Girls at Chillicothe, Missouri, to be there confined until she reached the age of twenty-one years, setting aside the order previously entered in the case on January 30th; that thereafter, and on the same day, that is January 31, 1919, after continuing all motions and matters pending and causes undisposed of until the next term of court, respondent adjourned the Juvenile Division of the circuit court to court in course. It is further set up in the return that it has always been the prac-tice to hold the Juvenile Court on Tuesday, Wednesday, Thursday and Friday; that the adjournment of the court on Friday above mentioned, which was January 31st, to court in course, was in accordance with the custom and practice of the court, well known to all persons practicing in it; that afterwards, on the following day, that is February 1st, and after the adjournment of the December, 1918, term of the court to court in course, the relator herein, Arbey Killoran, made affidavit for appeal and filed his affidavit for appeal with the clerk of the juvenile court in vacation; that on February 4, 1919, during the February term of the court, relator asked respondent to allow the appeal, to which respondent replied that he had no legal right or power to grant the appeal for the reason that the December Term, 1918, had expired. The relator has moved for judgment on this return, the effect of which motion is to admit all matters therein well pleaded.

The decisions of our Supreme Court on the matter of appeal are uniform to the effect that an appeal is a creature of the statute. That has been so often decided that it is useless to cite cases, but see for example Walser v. Leach & Co., 195 Mo. App. 280, 190 S. W. 932.

Section 5292, Revised Statutes 1909, cited by counsel for relator, is among the provisions of the

code of criminal procedure. In terms it provides that the appeal must be made during the term at which the judgment is rendered, and that during that term the person desiring the appeal shall file in the court his affidavit, stating that it is not made for vexation, etc.

Section 2040, a part of the general or civil code, makes the requirement, namely, that the appeal must be made "during the term at which the judgment or decision appealed from was rendered."

While both these sections require the appeal to be prayed for by the party himself or his agent, by section 20 of the Act approved April 11, 1911 (see Acts 1911, p. 185), the Act establishing juvenile courts in certain counties and here applicable, it is provided that an appeal may be allowed to the child from any final judgment of delinquency or final order of commitment made under the provisions of the act, by a guardian, by either parent, by previous custodian, or by any person within the fourth degree of kindred of the child. So we think that relator here had the right to take this appeal, if making the application and taking it in due time. That same section of the Juvenile Court Act, however, after so giving a right of appeal, proceeds:

"*Provided, however,* (so it is printed and italicized) that such appeal shall be taken at the same term of the court at which the order is made," a bond also being required unless a bond is dispensed with by the court.

It is true that section 22 of the Juvenile Court Act provides that it should be liberally construed "to the end that its purpose may be carried out, to-wit, that the care, custody and discipline of the child shall approximate as nearly as may be that which should be given by its parents; and that as far as practicable any delinquent child shall be treated, not as a criminal, but as misdirected and misguided, and needing aid, encouragement, help and assistance." Relator appeals to this, but we are not able to see that it has

anything to do with the case before us. We cannot construe the law so liberally as to do away with its positive provisions.

It has been decided in case after case that there is no power in the trial court to allow an appeal unless he has a legal right to do so.

So that we here have it emphasized by statute, in three specific sections, that the appeal must be applied for and taken at the term of the court in which the judgment was rendered. It must follow that the court has no power to grant an appeal, except during the term at which the judgment was rendered. As an example of the cases holding that the appeal must be applied for and granted during the term which the judgment is rendered, it is sufficient to refer to State v. Roscoe, 93 Mo. 146, 6 S. W. 117, where a multitude of authorities are cited in support of that rule. In the Roscoe Case it was specifically held that as the affidavit for an appeal was not made until vacation and after the term of the court at which the final judgment was entered, that the cause could not be considered by the Supreme Court. The same rule is generally, almost invariably, recognized as to the time of filing a motion for a new trial. [As see State v. Brown, 206 Mo. 501, 103 S. W. 955; State v. Fawcett, 212 Mo. 729, 111 S. W. 562.]

It is true that there are one or two criminal cases presenting extraordinary features in which motions for a new trial or in arrest, filed out of time, have been considered, as for instance State v. Guerringer, 265 Mo. 408, 178 S. W. 65, but that was a very exceptional case and we do not think it is here applicable. We know of no case in which the power of the trial court to grant an appeal in vacation and after the term at which the judgment was entered has been sustained. Even when one of the Courts of Appeals certified a cause to the Supreme Court, after the term in which the judgment had been rendered, it was held that the act in so certifying was nugatory. [See State ex rel. Logan v. Ellison et al., Judges, 267 Mo. 321, 184 S. W. 963.]

The lawmakers have lodged in the appellate courts in civil causes power to remedy this condition, when it is provided by section 2043, Revised Statutes 1909, that "any judge of the Supreme Court or either of the Courts of Appeals respectively in cases appealed to said courts upon inspection of a copy of the record, may grant an appeal by special order for that purpose at any time within one year next after the rendition of the final judgment or decision in the case." Counsel for respondent refers us to the provisions of that section as a possible remedy for failure to perfect an appeal in the trial court.

Section 2, of the Juvenile Court Act, among other things, expressly provides that in cases of this character, it not being for violation of any criminal statute of the State, the practice and procedure shall be as in equity cases. So it would appear that this section 2043 affords an adequate remedy for failure to take an appeal during the term of the court at which the judgment was rendered.

A provision very similar to section 2043, Revised Statutes 1909, is found in section 6 of chapter 394, Revised Laws of Missouri, 1824, p. 718, under the title, "Practice in the Supreme Court." That section provides:

"The Supreme Court, or any judge thereof in vacation, may grant *supersedeas* to the decrees or judgments of the court of chancery or circuit courts, and allow appeals from the decrees of the former, upon inspection of a copy of the record," etc.

This section was construed by our Supreme Court in Byrne v. Harbison, 1 Mo. 225 (vols. 1, 2, 3, republication 1843, p. 160). That decision is cited approvingly by our Supreme Court in State ex rel. Clark v. Smith, 104 Mo. 661, l. c. 668, 16 S. W. 503, on the proposition that where a plain and specific remedy, fully adequate to redress the grievance complained of, is afforded by another proceeding or provision, mandamus will not lie.

That mandamus will not lie when there is an adequate remedy, has been so often announced by our courts that it is unnecessary to cite authority in support of it.

It follows that our alternative writ was improvidently issued in this case. It is quashed and the writ of mandamus denied.

*Allen* and *Becker, JJ.,* concur.

