STATE OF MISSOURI, RESPONDENT, v. MARY MONICA JAHNKE, APPELLANT.*

Kansas City Court of Appeals. June 15, 1925.

*Corpus Juris-Cyc References: Infants, 31CJ, p. 1109, n. 27.

*John V. Hill* and *A. A. Ridge* for respondent.

*Jay L. Oldham* for appellant.

ARNOLD, J.—This is an action arising in the juvenile division of the circuit court of Jackson county. The facts appearing are that Mary Monica Jahnke is a minor fourteen years of age. In 1913 her father and mother were divorced, the father obtaining the decree and custody of the child, Mary, being awarded to the mother Catherine L. Jahnke who died in 1918. In 1916 the mother surrendered Mary to the jurisdiction of the juvenile division of the circuit court, upon the ground that the child was neglected by her father Walter C. Jahnke, by reason of his failure to support her. After the death of her mother, the girl was again surrendered into the jurisdiction of the said court by her aunt Mamie Mulloy, and on September 3, 1920, she was given temporarily into the custody of her said aunt and the cause was continued for further hearing until September 10, 1920, on which date the court finally committed the child to her said aunt.

As shown by the abstract of the record, the records of said court did not show the order made by the court on September 10, 1920, and for the purpose of correcting the error in this respect, Mrs. Mulloy instituted a proceeding to that end in the juvenile court on behalf of said minor. The court sustained her motion filed January 18, 1924, to correct the record of September 10, 1920, *nunc pro tunc*, and the correction of the record was made accordingly on January 21, 1924, as of date of September 10, 1920.

And afterwards, to-wit, on the 22d day of January, 1924, the attorney for Walter C. Jahnke filed herein a motion to set aside said order as follows:

"Comes now Walter C. Jahnke, father and natural guardian of the above-named Mary Monica Jahnke, and moves the court to set aside the order *nunc pro tunc* made by this Honorable Court on January 21, 1924, in the above-entitled cause as of date of September 10, 1920, vesting the custody of said Mary Monica Jahnke in Mamie Mulloy for the following reasons, to-wit:

1st. That there is no competent evidence preserved by some minute or memorandum made by the court or clerk of the court at the time or a paper filed in the case with the clerk of this court at the time.

2nd. That the juvenile court has no jurisdiction over said Mary Monica Jahnke to make said order vesting in Mamie Mulloy the custody of said Mary Monica Jahnke, as division 3 of the circuit court of Jackson County, Missouri, at Kansas City, on the 4th day of June, 1913 (in cause No. 75370) as shown by the record No. 308 at page 382, which court assumed exclusive jurisdiction over said Mary Monica Jahnke until she became of legal age."

This motion was overruled and Jahnke duly saved his exceptions. Thereafter on the 8th day of March, being the 34th day of the January term, Walter C. Jahnke refiled his motion to set aside said *nunc pro*

*tunc* entry, which was overruled by the court, and Jahnke duly saved his exceptions.

At the outset of this appeal we are confronted with respondent's motion to dismiss this appeal "for the reason that under section 2610, Revised Statutes of Missouri, 1919, said Walter C. Jahnke has no right of appeal to this court from the circuit court of Jackson County, Missouri, at Kansas City, and because no appeal has been taken as shown by the record herein."

The language of the statute pertinent to appeals in juvenile court cases is as follows:

"An appeal shall be allowed to the child from any final judgment of delinquency or dependency, or final order of commitment made under the provisions of this article, and from any modification of such order, and may be demanded on the part of the child by its guardian, by either parent or by its previous custodian, or by any person within the fourth degree of kindred of such child . . ."

It is charged that both the motion to set aside the order *nunc pro tunc* in question and the affidavit for appeal show on their face that they are a nullity, in that the appeal is taken not for or on behalf of the child, Mary Monica Jahnke, but instead, are on behalf of Walter C. Jahnke who is not a party in interest in this action, and without such interest, no right of appeal exists.

It is true that both the motion to set aside the *nunc pro tunc* order and the affidavit for appeal recite that Walter C. Jahnke is "the father and natural guardian of Mary Monica Jahnke," but these statements may be accepted as merely descriptive of the party seeking the appeal. Nowhere does the affidavit for appeal state that the appeal is "demanded on the part of the child," as required by the statute (sec. 2610).

It is properly urged by respondent that the right of appeal in civil actions is unknown to the common law, and is of statutory origin. It follows that in the exercise of this right there must be a strict compliance with the statute applicable thereto. Section 2597, Revised Statutes 1919, provides that all proceedings under Article 6, Chapter 21, shall be by information or sworn complaint, to be filed by the city, prosecuting or circuit attorney, thus making such proceedings *quasi*-criminal in nature. Therefore the only real parties to the action are the State of Missouri and the child involved, the welfare of the child being the first and chief concern.

It was held in this court in Waller v. Transfer Co., 214 S. W. 267:

"The right of appeal is purely statutory, and, being so, the statutory conditions on which it is allowed must be at least substantially complied with, else the appellate court acquires no jurisdiction." [Citing State ex rel. v. Woodson, 128 Mo. 497, 515, 31 S. W. 105; Ark.,

etc., R. R. Co. v. Powell, 104 Mo. App. 362, 80 S. W. 336; O'Bannon v. R. R. Co., 106 Mo. App. 316, 320, 80 S. W. 321.]

Also in State ex rel. v. Porterfield, 258 S. W. 722, 723, this court held that the right of appeal is, of course, a creature of the statute, and unless such right is given, no appeal can be had. [Drainage Dist. v. Wabash R. Co., 216 Mo. 709, 715, 116 S. W. 549.] To the same effect is State ex rel. v. Calhoun, 201 Mo. App. 374.

Applying the rule enunciated in the opinion just cited, we must hold that the affidavit of appeal of Walter C. Jahnke fails substantially to comply with the statute, and that he is thereunder without right of appeal. For the reasons herein stated, the motion of respondent is sustained and the appeal dismissed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.

