STATE OF MISSOURI, EX REL., ORSCHELN BROTHERS TRUCK LINES, INC., APPELLANT, v. PUBLIC SERVICE COMMISSION OF THE STATE OF MISSOURI, RESPONDENT.—98 S. W. (2d) 126.

Kansas City Court of Appeals. November 9, 1936.

*D. D. McDonald* and *Frank E. Atwood* for appellant.

*James P. Boyd* for respondent.

BLAND, J.—This is an appeal from a judgment of the circuit court of 'Cole County, affirming an award of the Public Service Commission. The appeal was allowed to the supreme court in conformity with Section 5237, Revised Statutes 1929. However, the latter court found that it had no jurisdiction over the appeal because, that part of said section which attempts to provide for an appeal to the Supreme Court in Public Service Commission cases involving $7500, or less, is unconstitutional. The court transferred the case to this court.

The jurisdiction of this court to hear and determine this appeal is challenged by the respondent. Three sections of the Public Service Commission act are involved, to-wit: Sections 5237, 5234 and 5261, Revised Statutes 1929. Section 5237 provides, in part, as follows: "The commission, any corporation, public utility or person or any complainant may, after the entry of judgment in the circuit court in any action in review, prosecute an appeal to the Supreme Court of this State." Section 5234 provides, in part, as follows: "No court of this state except the circuit courts to the extent herein specified and the Supreme Court on appeal, shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the executing or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties."

Section 5261 reads as follows:

"If any section, subsection, sentence, clause or phrase of this chapter is for any reason held to be unconstitutional, such decision shall not affect the validity of the remaining portions of this chapter. The legislature hereby declares that it would have passed this chapter, and each section, subsection, sentence, clause and phrase thereof, irrespective of the fact that any one or more other sections, subsections, sentences, clauses or phrases be declared unconstitutional."

As before stated, the Supreme Court has declared that part of Section 5237 attempting to confer jurisdiction upon the Supreme Court in Public Service Commission cases involving $7500, or less, unconstitutional and for that reason void. However, we have Section

5234 to contend with in determining our own jurisdiction in the matter. It is a well recognized rule of statutory construction that effect must be given, if possible, to the whole of the statute and every part thereof so that every *section*, word, clause or sentence be made operative. [State ex rel. v. Daues, 321 Mo. 1126; Hannibal Trust Co. v. Elzea, 315 Mo. 485; Castilo v. St. Highway Comm. of Mo., 312 Mo. 244; Lauck v. Reis, 310 Mo. 184; State ex inf. v. Sweaney, 270 Mo. 685; State ex rel. v. Drabella et al., 258 Mo. 568; State ex rel. v. Roach, 258 Mo. 541; State ex rel. v. Ryan, 232 Mo. 77; Scott v. Royston, 223 Mo. 568; Strottman v. Railroad, 211 Mo. 227; State ex rel. v. Harter, 188 Mo. 516.]

Construing Sections 5237 and 5234 together it seems apparent to us that but one conclusion can be arrived at, that is, that section 5237 was intended to confer jurisdiction upon the Supreme Court. That is, by the enactment of Section 5237 the legislature intended that all appeals in Public Service Commission cases should be taken to the Supreme Court. However, the legislature was not content, in enacting Section 5237, to inferentially deny jurisdiction to the various Courts of Appeals but clinched the matter by providing in Section 5234 that the Courts of Appeals of this State should not have jurisdiction. It appears, then, that the purpose of the enactment of Section 5237 was to confer appellate jurisdiction on the Supreme Court and the enactment of Section 5234 to deny, in clear and unmistakable terms, jurisdiction to the other Appellate Courts of the State.

Further in construing these two sections with Section 5261, it appears that it was the intention of the legislature, should a contingency arise such as the Supreme Court declaring the statute attempting to confer jurisdiction upon it in cases involving $7500, or less, unconstitutional, then, that part of Section 5234 prohibiting appeals to the Courts of Appeals should be effective. As the Supreme Court has not declared that part of Section 5234 denying jurisdiction of this court in these cases, unconstitutional or void, we are bound by that section of the statute.

It is well settled that no common law right to appeal exists. That right is purely statutory. [3 C. J., p. 316; 2 Am. Jurisprudence, pp. 845, 846, 847; Wilson v. School Township No. 6, 23 Mo. 416, 417; State ex rel. v. Woodson, 128 Mo. 497, 514; DeMay v. Liberty Foundry Co., 37 S. W. (2d) 640, 652.] The legislature has not only not provided for the right of appeal to this court in Public Service Commission cases, regardless of the amount involved in the particular case, but has positively denied such right. We would not be justified in assuming jurisdiction in this case in the face of the positive prohibition contained in Section 5234. Accordingly the appeal is dismissed. All concur.