O. K. FRANKLIN, Respondent,

v.

Vivian FRANKLIN, Appellant.

No. 23116.

Kansas City Court of Appeals.

Missouri.

March 6, 1961.

Blackford, Imes, Compton & Brown, J. William Blackford, Kansas City, for appellant.

Fred F. and Robert L. Wesner, Sedalia, for respondent.

HUNTER, Presiding Judge.

We are faced at the outset with the initial question of whether the procedure for taking an appeal was sufficiently complied with to vest jurisdiction of the appeal in this court. A brief summary of the events leading up to the appeal will suffice to give an understanding of the precise question involved.

On February 21, 1955, respondent, O. K. Franklin, was granted a divorce by the Circuit Court of Saline County, Missouri, from appellant, Vivian Franklin, who was given custody of the two minor children (boys) of the marriage, subject to vacation and other visitation rights in the respondent. Appellant retained custody of the two children until February 20, 1958, when she filed a motion to modify the divorce decree to increase "alimony" and child support. Respondent cross-filed asking for complete custody of the children for stated reasons. The circuit judge of Saline County was disqualified, and the Supreme Court appointed Honorable Gerald Cross of the Fifth Judicial Circuit to hear the motions. By agreement of the parties, for convenience the cause was heard in one of the circuit court rooms of the 16th Judicial Circuit in Kansas City by Judge Cross. On August 26, 1959, after a full hearing with all parties present the trial court (Judge Cross) found the issues for respondent on both motions, denied appellant's motion and entered its decree and judgment giving custody of the minor children to respondent with visitation privileges in appellant. On August 29, 1959, appellant filed an application for change of venue. Also, on August 29, 1959, appellant filed a motion to set aside the decree and judgment and to grant appellant a new trial, or, in the alternative, for the court to enter its decree in favor of appellant on her motion to modify the decree and increase the child support judgment. The application for change of venue and the mentioned motion for new trial were duly called up by appellant on October 10, 1959, presented and heard, and with both counsel present were on that date overruled and denied.

Appellant has never filed a notice of appeal with the clerk of any circuit court. On October 15, 1959, appellant mailed to the Clerk of the Kansas City Court of Ap-

peals a notice of appeal with an attached check for $10 and mailed a copy of the notice of appeal to respondent. The Clerk of the Kansas City Court of Appeals acknowledged that on October 16, 1959, he had received the notice of appeal and docket fee, and on that same day the clerk mailed respondent a copy of that acknowledgement.

On March 2, 1960, the transcript or the hearing before Judge Cross was filed in the Circuit Clerk's office, Saline County, Marshall, Missouri, and on March 28, 1960, the transcript was filed in the Kansas City Court of Appeals.

It is respondent's position, supported by appropriate motion to dismiss the appeal, that the Kansas City Court of Appeals does not have jurisdiction of the attempted appeal for the reason that appellant did not file with the clerk of the trial court a notice of appeal within ten days after judgment, as required by the statutes.

Section 512.050 RSMo 1949, V.A.M.S. (now Rule 82.04, Rules of Civil Procedure, V.A.M.R.), provides in applicable part: "When an appeal is permitted by law from a trial court and within the time prescribed, a party or his agent may appeal from a judgment of order *by filing with the clerk of the trial court* a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final. * * * The docket fee of $10.00 in the appellate court shall be deposited *with the clerk of the trial court* at the time of filing the notice of appeal. No notice of appeal shall be accepted and filed by the clerk of any trial court unless said docket fee is deposited therewith." (Italics ours.)

Section 512.060 RSMo 1949, V.A.M.S. (now Rule 82.07(a), Rules of Civil Procedure), provides a party seeking reversal of a final judgment "may file a notice of appeal *in the trial court,* within six months from the date of such final judgment, if permitted to do so by a special order of the appropriate appellate court. * * * When notified of the issuance of a special order by the appellate court the clerk of the trial court in which the final judgment was entered shall permit the appellant to file a notice of appeal * * *." (Italics ours.)

Thus, it appears although more than sixteen months have elapsed since the judgment appealed from became final appellant has never filed a notice of appeal with the clerk of the trial court and has not endeavored, timely or otherwise, to obtain a special order from this court to file a notice of appeal in the trial court.

There is no right as such to appeal from an adverse judgment. See 2 Am.Jur., Appeal and Error, Sec. 6, p. 847; State ex rel. Orscheln Bros. Truck Lines, Inc., v. Public Service Commission of Missouri, 231 Mo.App. 293, 98 S.W.2d 126(3). Authority to appeal must be found in an applicable constitutional provision, statute or Civil Procedure Rule. When such authority is relied upon care must be taken to follow the procedural steps provided; otherwise, there is danger that the omitted action may result either in a failure to obtain appellate court jurisdiction of the appeal, or dismissal of the appeal by the appellate court for failure to comply with the procedure provided.

Section 512.050 RSMo 1949, V.A.M.S., and its successor, Civil Procedure Rule 82.04, as they relate to both time and place for filing the notice of appeal are mandatory. Failure to file a notice of appeal *with the clerk of the trial court* within the time provided by Section 512.050 results in a total failure to establish and obtain appellate court jurisdiction over the appeal under the authority of that section. The filing of a notice of appeal with the Clerk of the Kansas City Court of Appeals is not a compliance with the requirement that the Notice of Appeal be filed with the Clerk of the Trial Court.

There is no contention, as indeed there cannot be under these facts, that appellant

has complied with the terms of Section 512.060, permitting, upon application made within six months of the time the judgment became final, appellate courts to authorize notice of appeal to be filed in the trial court.

As stated by Judge Dew for this court in Bank of Thayer v. Kuebler, 240 Mo.App. 776, 219 S.W.2d 297, 298:

"We are profoundly conscious of the intent of the New Code of Civil Procedure to liberalize and to simplify the method of procedure in our trial and appellate courts, and are familiar with the rules of the Supreme Court that are designed to achieve that salutary purpose, and the opinions of the appellate courts which are calculated to apply and to effectuate that spirit and objective. Under the Code itself and under the rules of court suspension or modification of certain technical requirements, extension of time and certain other instances of elasticity are authorized under certain conditions. Those instances so far as the appellate procedure is concerned, pertain principally to matters of briefs and transcripts of the record in situations wherein suspension or modification of such rules will prevent an injustice. All this is to the end that the court may 'facilitate and increase the disposition of cases on their merits', and to 'minimize the number of cases disposed of on procedural questions.'

\*    \*    \*    \*    \*    \*

"But there are certain positive limitations in the provisions of the Code beyond which no court is authorized to extend its discretion. One of these is that the court 'may not enlarge the period for filing a motion for or granting a new trial, or for commencing an action or taking an appeal as provided by this code.' Code, Sec. 6(b), Mo.R.S.A., Sec. 847.6(b). Another is that no appeal is effective without a notice of appeal, filed either within ten days after the judgment becomes final, Code, Sec. 129, Mo.R.S.A., Sec. 847.-129, or within six months after the judgment has become final, under special order of the appellate court on application, Code, Sec. 130, Mo.R.S.A., Sec. 847.130. Without timely notice of appeal under one or the other of such sections the appellate court acquires no jurisdiction."

See also Perr v. Perr, Mo.App., 227 S.W. 2d 490; Alberswerth v. Lohse, Mo.App., 232 S.W.2d 213. It is our view that another positive limitation—or differently stated— positive requirement is that the notice of appeal must be filed with the clerk of the trial court as is so plainly stated both by the statute and the Rules of Civil Procedure.

While an appellate court is reluctant to dismiss appeals for failure to comply with the rules appertaining thereto, it cannot ignore or brush aside the total failure to take the procedural action necessary to vest it with jurisdiction. See McPike v. St. Louis County Bank, Mo.App., 193 S.W.2d 962.

For those concerned about the welfare of these two boys, as we are, a careful consideration of the entire transcript indicates that if we had appellate jurisdiction of this appeal we could only say that the trial court's judgment did not overlook what was best for them, and did not result in any injustice to them.

As the required procedural steps necessary to vest jurisdiction of the appeal in this court were not taken, the appeal is dismissed. It is so ordered.

BROADDUS, J., concurs.

CROSS, J., not participating.

On Motion for Rehearing

PER CURIAM.

Appellant suggests that because at the time her motion for a new trial was

overruled by the trial court on October 10, 1959, she indicated orally through her attorney in the presence of the court that she wished to appeal, and made an oral motion for an allowance to prosecute an appeal, which allowance was granted, she has sufficiently complied with the mentioned requirements for vesting this court with jurisdiction of the appeal. We do not agree with appellant's suggestion. An oral statement to the trial court that an appellant "wishes to appeal" is not a compliance with the code requirement that one "may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal."

At the time the trial court allowed money for costs of an appeal (October 10, 1959) the appellant had ten days' time in which to file a written notice of appeal with the clerk of the trial court. The allowance of money for costs to enable her to prosecute an appeal was not a substitute for nor a compliance with the code requirement that a notice of appeal be filed with the clerk of the trial court.