In the Interest of. R——, S—— and T——, children under 17 years of age.

No. 8015.

Springfield Court of Appeals.

Missouri.

Nov. 28, 1962.

Oliver & Oliver, Cape Girardeau, for father-appellant.

Paul McGhee, Pros. Atty., Dexter, for the State.

McHaney, Billings & Welman, Kennett, for Maternal Grandfather.

STONE, Judge.

In this statutory proceeding under the Juvenile Act [Sections 211.011 to 211.431], the juvenile court on April 7, 1961, found and adjudged that three brothers, R——, S—— and T—— *(then* of the age of 13 years 7 months, 11 years 8 months and 7 years 11 months, respectively), were within the applicable provisions of Section 211.031 (in that their mother was deceased and their father had "failed and refused to support" them and was "not in a position to properly care for, supervise and control" them), made them wards of the court, and committed them to. the custody of the division of welfare to be placed in .an approved home. Sections 211.181 and 210.120(1).

(Except as is otherwise specifically stated, all statutory references are to RSMo 1959, V.A.M.S.) The father seeks appellate review. A motion by the prosecuting attorney, director of welfare and juvenile officer (of the county in which the proceeding was instituted and the judgment was rendered) denies our appellate jurisdiction and prays dismissal of the appeal. The father suggests that this motion to dismiss should not be considered by us because *prior* notice of the filing of said motion was not given to the father or his counsel in strict accordance with V.A.M.R. Rules 83.12 and 83.02; but, regardless of that, it is as true in this proceeding as in other cases that we remain charged with the duty to inquire, sua sponte, into our jurisdiction and that, if in truth we do not have jurisdiction, a review upon the merits would be a work of intolerable superarrogance predicated upon interdicted usurpation of judicial authority. In re Juvenile Delinquency Appeal, Mo.App., 289 S.W.2d 436, 437(3). Before probing the question of jurisdiction, we appropriately emphasize that, from the institution of this proceeding through the filing of the notice of appeal, the *sole* attorney of record for the father was a lawyer (hereinafter referred to as out-of-state counsel) who, although a member of the Missouri Bar, resides and offices in a neighboring state, and that distinguished counsel appearing for the father in this court, making the best of an exceedingly difficult situation inherited by them, have presented a comprehensive and cogent brief and have pleaded their client's cause with candor and conviction.

In the logical pursuit of our jurisdictional inquiry, we address ourselves to the first point in the motion to dismiss, to wit, that the notice of appeal was not timely filed. As in other cases [e. g., DeMay v. Liberty Foundry Co., 327 Mo. 495, 519, 37 S.W.2d 640, 652(13); Franklin v. Franklin, Mo.App., 344 S.W.2d 282, 284(1); State ex rel. Orscheln Bros. Truck Lines v. Public Service Com'n. of Missouri, 231 Mo. App. 293, 295, 98 S.W.2d 126, 127(3)], the right of appeal in a proceeding under the Juvenile Act is purely statutory and substantial compliance with the applicable statute is required. In re C——, Mo.App., 314 S.W.2d 756, 759(2); State v. Jahnke, 221 Mo.App. 366, 273 S.W. 155. And, the Juvenile Act being a complete law or code within itself dealing with minors under the age of seventeen years,[1] Section 211.261 (quoted marginally)[2] is the statute which grants the right of appeal in a proceeding such as this one, and with which substantial compliance must be shown.

In simple, plain and unambiguous language, Section 211.261 requires that "(n)otice of appeal *shall* be filed *within thirty days after the final judgment, order or decree has been entered.*" (All emphasis herein is ours.) The final judgment, from which the father seeks to appeal, was entered on April 7, 1961. Exactly *sixty* days later, to wit, on June 6, 1961, notice of appeal was filed by out-of-state counsel. We observe that Section 211.410, RSMo *1949*, permitted an appeal "from any final order or judgment" in a juvenile proceeding (in counties of the third and fourth classes)

---

1. State v. Harold, 364 Mo. 1052, 1055, 271 S.W.2d 527, 529; State v. Heath, 352 Mo. 1147, 1151, 181 S.W.2d 517, 519(4); State ex rel. Shartel v. Trimble, 333 Mo. 888, 891, 63 S.W.2d 37, 38; In re C——, Mo.App., 314 S.W.2d 756, 759(3); State ex rel. White v. Swink, 241 Mo.App. 1048, 1055, 256 S.W.2d 825, 831.

2. "An appeal shall be allowed to the child from any final judgment, order or decree made under the provisions of sections 211.011 to 211.431 and may be taken on the part of the child by its parent, guardian, legal custodian, spouse, relative or next friend. An appeal shall be allowed to a parent from any final judgment, order or decree made under the provisions of sections 211.011 to 211.431 which adversely affects him. Notice of appeal shall be filed within thirty days after the final judgment, order or decree has been entered but neither the notice of appeal nor any motion filed subsequent to the final judgment acts as a *supersedeas* unless the court so orders."

"within *sixty* days after the entry of said order." However, in 1957 the 69th General Assembly repealed the old Juvenile Act (including Sec. 211.410, RSMo *1949*) and enacted a new Juvenile Act including the statute (numbered as Sec. 211.260 in Laws of 1957, p. 654; now numbered as Sec. 211.261, RSMo *1959*) in which the period for taking an appeal in a juvenile proceeding was shortened to "*thirty* days after the final judgment, order or decree has been entered." No explanation or excuse for the tardy filing of the notice of appeal is offered by or on behalf of out-of-state counsel; but, whatever the reason (if any) for the delay, the inescapable legal truth is that the notice of appeal was not filed within the thirty-day period plainly provided and specifically limited by Section 211.261, the then applicable and controlling statute.

Although courts have discretionary power to extend the time for the doing of many acts, they cannot enlarge the period within which an appeal may be taken. Kattering v. Franz, 360 Mo. 854, 856, 231 S.W.2d 148, 149; Hance v. Johnson, Stephens & Shinkle Shoe Co., Mo.App., 306 S. W.2d 80, 82(2); Bank of Thayer v. Kuebler, 240 Mo.App. 776, 781, 219 S.W.2d 297, 299. Our appellate courts have reiterated repeatedly that the timely filing of a notice of appeal is the vital step for perfecting an appeal and is an essential prerequisite to appellate jurisdiction, and the uniform and unyielding application of this rule has necessitated the dismissal of appeals in a wide variety of civil cases,[3] in a number of criminal cases,[4] and (as we particularly point out) in cases involving the custody of minor children. Perr v. Perr, Mo.App., 227 S.W.2d 490, 492(4); Franklin v. Franklin, Mo.App., 344 S.W.2d 282. Our ear is attuned sympathetically to the stirring plea of the father's *present* counsel that, although (as they frankly concede) "the wording and the timing of the appeal should have been different," we should accept the father's earlier reliance upon his out-of-state counsel as evidencing a bona fide attempt to appeal and should consider the appeal "as sufficiently filed." But the negligence of an attorney is the negligence of his client, who usually must suffer the consequences thereof, as was settled at an early date and has been demonstrated in innumerable cases;[5] and, with the record clearly establishing that the notice of appeal was not filed within the permitted time, we have no alternative other than to dismiss the appeal,[6] notwithstanding our disposition and desire (finding tangible manifestation in our opin-

3. Fagan v. Hamilton Bank, Mo., 327 S.W. 2d 201, 202(3); Heard v. Frye, Mo.App., 319 S.W.2d 685, 686(3); Hance v. Johnson, Stephens & Shinkle Shoe Co., Mo. App., 306 S.W.2d 80, 82(3, 4); State ex rel. State Highway Com'n. v. Graeler, Mo. App., 303 S.W.2d 944, 947–948; Bradley v. Bradley, Mo.App., 295 S.W.2d 592, 595 (5); Byers v. Zuspann, Mo.App., 257 S.W.2d 384, 387(1); Hynes v. Risch, Mo. App., 243 S.W.2d 116, 117(1, 2). See also Starr v. Mitchell, 361 Mo. 908, 237 S.W.2d 123, 125(3).

4. State v. Henderson, Mo., 344 S.W.2d 96; State v. Johnson, Mo., 331 S.W.2d 551; State v. Morrow, Mo., 316 S.W.2d 527; State v. Parker, Mo., 310 S.W.2d 923; State v. Robbins, Mo., 269 S.W.2d 27.

5. Field & Cathcart v. Matson, 8 Mo. 686; Kerby & Potter v. Chadwell, 10 Mo. 392; Gehrke v. Jod, 59 Mo. 522; Biebinger v. Taylor, 64 Mo. 63, 66(1); Fretwell v. Laffoon, 77 Mo. 26, 32–33(4); Parker v. Britton, 133 Mo.App. 270, 113 S.W. 259; Crutcher v. Kansas City Viaduct & Term. Ry. Co., 181 Mo.App. 368, 168 S.W. 826; Cavanaugh v. McColl, 187 Mo.App. 256, 173 S.W. 725; Munroe v. Dougherty, 196 Mo.App. 124, 190 S.W. 1022, 1025(5); Allen v. Allen, Mo.App., 14 S.W.2d 686, 691(4); O'Connell v. Dockery, Mo.App., 102 S.W.2d 748, 751(11); Culp v. Culp, Mo.App., 216 S.W.2d 551; State ex rel. Root Levee Dist. of Carroll County v. Root, Mo.App., 219 S.W.2d 398, 400(3, 4).

6. State v. Jahnke, 221 Mo.App. 366, 273 S.W. 155; State ex rel. Killoran v. Calhoun, 201 Mo.App. 374, 211 S.W. 109; Franklin v. Franklin, Mo.App., 344 S.W. 2d 282. See also State v. Robbins, supra, 269 S.W.2d loc. cit. 29; Heard v. Frye, supra, 319 S.W.2d loc. cit. 686(4); Perr v. Perr, Mo.App., 227 S.W.2d 490, 492 (3); Krummel v. Hintz, Mo.App., 222 S.W.2d 574, 576(3).

ions) to accord a liberal construction to statutes and rules pertaining to appellate procedure. E. g., In re C———, supra, 314 S.W.2d loc. cit. 759–760.

Although the foregoing is dispositive of the appeal, it may not be inappropriate to observe parenthetically that the untimely notice of appeal did not even indicate that *the father* was attempting to appeal. In simple and unambiguous language which left no room for argument as to its meaning or intent, the notice definitely stated that "(n)otice is hereby given that R———, S———, and T———, above named (in the caption), hereby appeal," and it was signed by out-of-state counsel who specifically designated the capacity in which he then purported to act, to wit, as attorney for R———, S——— and T———, the three boys. The governing statute [Section 211.-261] plainly provides in separate sentences for allowance of an appeal either (a) "to the child" or (b) "to a parent." There is no pretense that the case is presented in this court as an appeal by or on behalf of the three boys. Quite to the contrary, *the father* clearly identifies himself by name as the appellant in the caption of his appellate brief and throughout the brief itself.

Since the appeal must be dismissed, we eschew the temptation to set forth the facts reflected by the voluminous transcript, for a factual review could serve no useful purpose but, in the striking and distinguishing circumstances of the case, would punch gaping and revealing holes in the protective curtain of anonymity with which we have sought to shield the three innocent boys. However, we would not close this case on a cold procedural note without underscoring our personal concern and anxiety for the welfare of these boys, without assuring all interested parties and counsel that we have carefully read the transcript in its entirety and thoughtfully considered all of the cited cases, and without recording our firm conviction that, if we had jurisdiction and were permitted to resolve the appeal on its merits, we could not say that the best interests of these boys were not served by the judgment nisi. This proceeding is but a single chapter in a continuing serial of stark family tragedy; and, regardless of the provocation offered by any of the human actors therein or the precise measure of fault or blame with which any of them should be charged, the father must realize that he has played a leading role in the tragedy and that, bitter as the judgment in this proceeding may be to him, his conduct has contributed to it.

The motion of the prosecuting attorney to dismiss the appeal is sustained, the motion of the maternal grandfather (not a party to the proceeding) to dismiss the appeal is stricken, and the father's purported appeal is dismissed.

RUARK, P. J., concurs.

McDOWELL, J., concurs in result.