In the Interest of R. L. P.

Nos. 9963 and 9968.

Missouri Court of Appeals, Springfield District.

April 2, 1976.

Wm. G. McCaffree, Nevada, for respondent.

Robert L. Payne, Greenfield, for appellant.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

Through two separate petitions (§ 211.-091),[1] the juvenile officer averred the subject juvenile was in need of care and treatment because he had violated certain state laws. § 211.031(1)(d). After evidentiary hearings wherein the juvenile was represented by counsel (§ 211.211), the court rendered final judgment and made findings, inter alia, that the juvenile had violated the two specified statutes. He was committed to the state training school for an indeterminate period to end no later than when he attained the age of 21 years.[2] Two appeals were filed which we have consolidated for consideration.

■ To begin with, we have motions to dismiss the appeals upon assertions that the court lacks appellate jurisdiction. This court is always obliged, sua sponte, to test its jurisdiction on more facets than suggested by the motions and we proceed so to do. *E. W. v. K. D. M.*, 479 S.W.2d 167, 169 (Mo.App.1972).

■ It is not amiss to note again that delinquency proceedings under Ch. 211 are civil suits, not criminal actions (*State v. Wright*, 515 S.W.2d 421, 437 (Mo. banc 1974); §§ 211.011 and 211.271), and that procedure customary in equity proceedings "shall govern all proceedings in the juvenile court." § 211.171–6. Therefore, since Rule 41.01(a) specifies that the Rules of Civil Procedure "shall govern all civil actions in . . . the circuit courts" and as § 211.-021(3) defines "juvenile court" to mean "the circuit court," it follows that the Rules of

1. References to statutes and rules are to RSMo, V.A.M.S., and to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R.

2. Chapter 219, RSMo 1969, was repealed effective September 28, 1975 (S.B. No. 170) and a new Ch. 219, consisting of 16 sections, was

enacted in lieu thereof. Under present § 219.-021–1, ". . . All children committed to the custody of the division [of youth services] shall be committed for an indeterminate period of time except that the division shall not keep any child beyond his eighteenth birth date."

Civil Procedure control juvenile court proceedings unless provided otherwise by statute. *State ex rel. R. L. W. v. Billings,* 451 S.W.2d 125, 126–128[1, 2, 5] (Mo. banc 1970).

▇ In testing our appellate jurisdiction, we initially inquire if the notices of appeal were filed, as they must be, "within thirty days after the final judgment . . . has been entered." § 211.261. If they were not, we have no jurisdiction of either case. *In Interest of R.,* 362 S.W.2d 642, 644[4] (Mo.App.1962).

▇ The final judgment encompassing both proceedings was entered January 17, 1975. Seventeen days later, on February 3, motions for new trial (as so denominated by the juvenile court) were filed, argued and overruled. Although Rule 78.04 requires such motions to be filed not later than 15 days after judgment entry, Rule 44.01(a) provides that in computing any period of time neither a Saturday nor a Sunday should be counted if the last day of the period falls thereon, "in which event the period runs until the end of the next day which is neither a Saturday [nor a] Sunday." The fifteenth day after judgment entry was Saturday, February 1, and, of course, the day following (February 2) was a Sunday. Consequently, filing the motions on Monday, February 3 was timely. The finality of a judgment in a juvenile case is postponed by the timely filing of a motion for new trial. In re *In Interest of T. G.,* 455 S.W.2d 3, 9[8] (Mo.App.1970). It follows, therefore, that since the judgment of January 17, 1975, did not become final until the rulings of the court on the motions for new trial on February 3, appellant then had thirty days after February 3 under § 211.-261 within which to file notices of appeal. He timely filed the notices seventeen days thereafter on February 20.

▇ Each notice of appeal was signed by the juvenile's attorney and read: "Notice is given that [the juvenile] appeals from the Judgment Overruling Motion . . . entered in this action on the 3rd day of February, 1975." While § 211.261 states "An appeal shall be allowed to the child from any final judgment . . . and may be taken on the part of the child by its parent, guardian, legal custodian, spouse, relative or next friend," similar language in predecessor statutes has been interpreted as meaning that appeals in juvenile cases on behalf of the child should be by one of those named in the last part of the quote. *In re C.,* 314 S.W.2d 756, 759[4] (Mo.App.1958); *State ex rel. Killoran v. Calhoun,* 201 Mo. App. 374, 379, 211 S.W. 109, 110 (1919). And, as suggested in the motions to dismiss, the appeals should have been taken from the January 17 judgment, not from the February 3 orders overruling the motions for new trial which are nonappealable. *World Franchisers, Inc. v. Birk,* 456 S.W.2d 606, 607[1, 2] (Mo.App.1970). Nevertheless, as was done under almost exactly the same circumstances in *In re C.,* supra, 314 S.W.2d at 759–760[7], and has since been done repeatedly, we consider and accept the notices of appeal herein as bona fide or good faith attempts to comply with the rules and statutes. *Matter of Estate of Langford,* 529 S.W.2d 31, 32 (Mo.App.1975); *Dors v. Wulff,* 522 S.W.2d 325, 326[1] (Mo. App.1975).

Having found that the notices of appeal were timely filed and acceptable, though imperfect, we conclude that we do have appellate jurisdiction in both cases and thus overrule the motions to dismiss.

▇ It does not follow, however, that because this court has appellate jurisdiction, that such jurisdiction need be exercised to decide these appeals on their merits. "Courts are not organized and maintained for the purpose of vindicating the actions of parties . . . or to settle abstract propositions of law, where no relief can be granted. . . . If no relief can be granted, either because it appears that such relief has already been obtained, or because the situation has so changed that the relief sought cannot be granted, the court will not go through the empty formality of determining whether or not the relief asked for might have been granted, if it had not already been granted or could have been granted but for changed conditions. The

case is then said to be 'moot'." *State ex rel. Myers v. Shinnick,* 19 S.W.2d 676, 678[1, 2] (Mo.1929). And in order to determine whether questions presented by appeal have become moot, appellate courts are at liberty to consider matters outside the record. *Mudgett v. Peterson,* 482 S.W.2d 472, 474[2] (Mo.1972); *State ex rel. Thompson v. Simmons,* 499 S.W.2d 819, 820[1] (Mo.App.1973).

 In the two present appeals, the juvenile is seeking release from his prior commitment to the custody of the division of youth services via either obtaining new hearings or outright discharge. We are advised by the division of youth services that on March 19, 1976, the division had completely terminated its custody and supervision of the juvenile. § 219.026–6. This is all the relief to which the juvenile could be entitled either at the hands of this court or the juvenile court. This being so, these consolidated cases have become moot and the appeals therein are accordingly dismissed.

It is so ordered.

All concur.