**In the Interest of K.W., a minor, Respondent,**

v.

**MISSOURI DIVISION OF FAMILY SERVICES, Appellant.**

No. 49573.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 23, 1985.

Susan Clarissa Guerra, St. Louis, for appellant.

Brian Paul Seltzer, Clayton, for respondent.

GARY M. GAERTNER, Judge.

This appeal concerns the time limitation for filing a notice of appeal from a juvenile court order.

On October 29, 1984, the Circuit Court of the County of St. Louis, Juvenile Division, ordered that K.W., a minor, be placed in a private home in the physical custody of unlicensed foster parents. The court also ordered the legal custodian, Missouri Division of Family Services (DFS), "to pay cost of foster care, $213.00 per month." On November 2, 1984, DFS filed a motion to modify the order pursuant to Rule 75.01, asking the court to rescind that portion of the order directing payment. The court denied the motion on November 16.

On December 4, 1984, DFS filed a notice of appeal from the denial of that motion. On May 7, 1985, this court filed an opinion dismissing the appeal for lack of jurisdiction due to untimely filing of the notice of appeal. Subsequent to the filing of that opinion, Juvenile Court Rule 120.01, which extends the time for filing a notice of appeal in certain instances, was brought to the attention of the court. The court then withdrew its opinion dismissing the appeal, and received a memorandum from each of the parties addressing the effect of Rule 120.01 on the jurisdiction issue. Again we dismiss the appeal for lack of jurisdiction.

The question presented on appeal is whether DFS, as legal custodian, can avail itself of the thirty-day period in which to file a notice of appeal as provided in Juvenile Court Rule 120.01, if DFS only takes the appeal in an attempt to relieve itself of the burden of paying for the juvenile's foster care. We hold that it cannot, and that DFS is consequently subject to the ten-day time limit set forth in Civil Procedure Rule 81.04(a).

According to Juvenile Court Rule 110.04, the Civil Rules apply to juvenile court cases when no procedure is specifically provided in the Juvenile Court Rules. The Juvenile Court Rule DFS asks us to apply to this appeal reads:

"Rule 120.01. Appeals

a. An appeal shall be allowed to the juvenile from any final judgment made under the Juvenile Code and may be taken *on the part of the juvenile* by the custodian.

b. An appeal shall be allowed to a parent from any final judgment made under the Juvenile Code which adversely affects him.

c. Notice of appeal shall be filed within thirty days after entry of final judgment." (Emphasis added).

The Juvenile Code Statute, § 211.261 RSMo 1978, contains virtually the same language as the Juvenile Rule.[1]

Although the right to appeal in a juvenile proceeding (as in other cases) is purely statutory and strict compliance with the applicable statute is required, the Missouri courts have routinely declined to dismiss appeals of Juvenile Court decisions if the appellant has made a good faith effort to strictly comply but has only achieved "substantial compliance." *In re J.L.H.*, 647 S.W.2d 852, 856 (Mo.App.1983). In each of the cases so holding, the court liberally interpreted the statutory language in order to avoid dismissing an appeal taken in the best interest of the child. In the case of *In re J.L.H.*, for example, the court declined to dismiss the appeal, brought to determine the best home for the child, despite the appellant's failure to strictly comply with the applicable statute. *In re J.L.H.*, *supra* at 856.

In the instant case, an entirely different interest is at stake on appeal. Although DFS has taken the appeal as the legal custodian of the child, DFS's interest is not in determining what is best for the child, but rather in relieving itself of the burden of paying for the child's foster care. In such a case, strict compliance with the applicable statute is required.[2]

Section 211.261 RSMo 1978 and Juvenile Court Rule 120.01 provide for appeal by a child's legal custodian only when the appeal is taken "on the part of" the juvenile.[3] DFS's appeal, only seeking relief from its own burden of payment, does not meet this criterion and, consequently, the thirty-day filing period does not apply.

The timely filing of the notice of appeal is a jurisdictional requirement. *Goldberg v. Mos*, 631 S.W.2d 342, 345 (Mo. 1982). Even when the issue is not raised by a party, the appellate court has a duty to determine the timeliness of the notice. *J and P Trust v. Continental Plants Corp.*, 541 S.W.2d 22, 25 (Mo.App.1976). The judgment in the instant case became final on November 16, when the court ruled on appellant's motion to modify. Rule 81.-05(a). DFS, which was not entitled to the thirty-day filing period provided in Rule 120.01, then had ten days in which to file the notice of appeal. Rule 81.04(a). The notice was not filed until December 4, and thus was not timely. This court has no jurisdiction to hear the appeal.

Appeal dismissed.

SIMON, P.J., and KELLY, J., concur.

---

1. Section 211.261 RSMo 1978 provides that:
"An appeal shall be allowed to the child from any final judgment, order or decree made under the provisions of this chapter and may be taken *on the part of the child* by its parent, guardian, legal custodian, spouse, relative or next friend. An appeal shall be allowed to a parent from any final judgment, order or decree made under the provisions of this chapter which adversely affects him. Notice of appeal shall be filed within thirty days after the final judgment, order or decree has been entered...." (Emphasis added).

2. The court notes that this holding is limited to the facts of the instant case and should in no way be construed as limiting the ability of DFS as legal custodian (or any other statutorily authorized party) to appeal on the part of the juvenile.

3. It is not insignificant to note the history of § 211.261 RSMo 1978. The predecessor statute, § 211.170 RSMo 1949, provided in part that an "appeal shall be allowed to the child from any final judgment ... and may be demanded on the part of the child by its guardian, by either parent or by its previous custodian, or by any person within the fourth degree of kindred of such child." The statute did not provide for an appeal by a parent from a judgment which adversely affected the parent himself. The current statute vests in a parent a right to appeal on his or her own behalf—a right which did not formerly exist. *See State v. Jahnke*, 221 Mo. App. 366, 273 S.W. 155 (1925). The legislature did not, however, vest in any of the other named parties (such as the legal custodian) a right to appeal with the benefit of the thirty-day filing period unless such appeal is taken on the part of the juvenile.