WELLIVER, Judge,
concurring in result.
I concur in result.
The general question of time for appeal in juvenile matters is not involved in this case. It is unnecessary for this Court to address the question of apparent conflicts between our rules and statutes. The principal opinion correctly observes that § 211.-261, RSMo 1978, enacted in 1957, establishes a right to appeal and provides that “[njotice of appeal shall be filed within thirty days after the final judgment, order or decree has been entered ...” The clear import of this language directs that a notice of appeal must be filed within 30 days after the entry of the final judgment. The issue, then, is when is there an entry of final judgment? The principal opinion suggests that the legislature failed to specify when a final judgment occurs. The legislature has not failed to specify when a final judgment occurs in parental termination cases. Section 211.482, RSMo 1978, enacted by the legislature in 1978, relating specifically to termination of parental rights, provides that “[t]he order [terminating parental rights] shall be conclusive and binding on all persons and in all proceedings after ninety days from the date of its entry. Said order shall be a final order for purposes of the right of appeal by any interested party thereto.” This statute makes the judgment final ninety days after its entry. Under § 211.261, the notice of appeal must then be filed within 30 days after the judgment becomes a final judgment[1] or within 120 days of its original entry. Apparently recognizing that 120 days after entry of a judgment is an unnecessarily long period to halt the termination process, the legislature in 1985 repealed § 211.482 and in lieu thereof has provided that a judgment becomes final 30 days after its entry. § 211.477.5, RSMo Supp. 1985. The entry of judgment here occurred in 1982 and, therefore, is under the old statute.
Clearly, application of our Rules 81.04 and 81.05 in this situation contravenes Art. 5, Sec. 5 stating that “the rules shall not change ... the right of appeal,” because such application of the rules would shorten the allowable time for appeal by eighty-six days under the old statute or twenty days under the present statute in parental termination of rights cases. We have no choice other than to apply the applicable statutes even though the parties, the trial court and the court of appeals may have overlooked one of the applicable sections.
The question of time for appeal in all other juvenile eases outside of parental termination cases is not involved in this case.

. In a juvenile case, see In Interest of R.L.P. 536 S.W.2d 43 (Mo.App.1976).