STATE ex rel. James W. NILGES, Relator,

v.

Hon. Fred RUSH, Circuit Court of St. Charles, Respondent.

No. 37129.

Missouri Court of Appeals, St. Louis District, Division One.

Dec. 30, 1975.

William J. Fletcher, Clayton, for relator.

Ellsworth Cundiff, St. Charles, for respondent.

**WEIER, Presiding Judge.**

Relator seeks our peremptory writ of mandamus to compel respondent judge to accept for filing his notice of appeal and application for leave to file supersedeas bond as to the court's judgment with respect to support and maintenance payments in a dissolution of marriage action. The judgment was entered on April 28, 1975. No motion for new trial having been filed, relator filed his notice of appeal in the office of the circuit clerk on May 20, 1975. Relator also filed an application for leave to file the notice and for leave to file supersedeas bond on appeal on May 21, 1975.

In his return, respondent contends that the alternative writ of mandamus should be quashed for two reasons. First, he states that § 452.360, RSMo. 1969 (Laws 1973, p. 477, § 13) provides in part: "1. A decree of dissolution of marriage or of legal separation is final when entered, subject to the right of appeal." Reading this section in conjunction with Rule 81.04, which provides that notice of appeal must be filed not later than ten days after the judgment or order appealed from becomes final, would, in the opinion of respondent, require relator's filing of his notice of appeal ten days after April 28, 1975, the date the court entered its order of dissolution.

We do not believe that it was the intent of the legislature by the language of § 452.360 to attempt to cut down the time that a court retains jurisdiction over its judgment during which it may change, modify or set aside the judgment for good cause under Rule 75.01. This provision of our statute is identical to § 314 contained in the Uniform Marriage and Divorce Act where it is designated subsection (a). In its comment on this clause, the editors state that subsection (a) abolishes interlocutory periods in those states which have them. In other words, the decree of dissolution or separation is immediately effective when entered rather than at a later time after the parties have had a chance to reconsider

and reconcile. But this statute does not change the effect of Rule 75.01 which authorizes the trial court to retain control over judgments during a 30-day period after entry of judgment. So far as an appeal is concerned, a judgment does not become final until 30 days have expired after its entry absent the timely filing of a motion for new trial. Rule 81.05. And notice of appeal must be filed within 10 days after the judgment becomes final under Rule 81.-05. Rule 81.04; *Johnson v. State,* 521 S.W.2d 479, 480 (Mo.App.1975). Such rules govern all civil actions. They are promulgated pursuant to authority granted to the Supreme Court by § 5, Art. 5, Const. of Mo., and they supersede all statutes and existing court rules inconsistent with them. Rules 41.01, 41.02. It should further be noted that in § 452.300, RSMo. 1969 (Laws 1973, p. 471, § 1) the legislature stated the rules of court should apply to all proceedings under the act concerning dissolution of marriage. Respondent's first reason for sustaining his position based upon the wording of § 452.-360 is without merit.

We now consider the second ground upon which respondent bases his ruling. He asserts correctly that Rule 81.05 provides: "For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed. In any such case, *by leave of the trial court,* a notice of appeal may be filed at any time after the expiration of the time for filing a motion for a new trial and within thirty days after entry of judgment." (Emphasis supplied.) Respondent points out that no motion for new trial was filed, but admits in his answer a notice of appeal was filed on May 20, 1975. The court records indicate that on May 21 an application for leave to file a notice of appeal and for leave to file supersedeas bond and to approve the same was filed. Judgment having been entered on April 28, 1975, respondent contends that as trial judge he has the discretion to either grant

or deny leave to file notice of appeal after the 15 days allowed for filing motion for new trial, but within the 30 days after entry of judgment, and therefore the petition for mandamus does not lie.[1] Respondent judge, however, is incorrect in this conclusion. An appellant should not exercise his right to appeal by filing his notice during the 30-day period while the trial court retains control over its judgment under Rule 75.01 without first obtaining leave. But failure to apply for leave does not affect the validity of the appeal. Where a notice of appeal is filed prematurely, such notice is considered filed immediately after the time the judgment becomes final for the purpose of appeal. Rule 81.05(b); *Glassburner v. Burtrum,* 418 S.W.2d 119, 120[2] (Mo.1967). All that is necessary to perfect the appeal in these circumstances is that notice of appeal must have been filed within the forty days after entry of judgment.

Respondent judge's order of May 23, 1975 denying relator's application for leave to file notice of appeal because not filed within the necessary time is vacated and, if the notice of appeal has been filed in the clerk's office as conceded by the parties, respondent is ordered to consider application of the relator, James W. Nilges, for leave to file supersedeas bond and approve the form of bond in the case of In re marriage of Frances R. Nilges and James W. Nilges, Frances R. Nilges, Petitioner, vs. James W. Nilges, Respondent, Cause No. 12575 of the Circuit Court of St. Charles County. Relator may then proceed to perfect his appeal in accordance with the rules.

DOWD and RENDLEN, JJ., concur.

---

1. Rule 73.01 in part provides: "1. In cases tried without a jury or with an advisory jury: * * * (c) Not later than 15 days after the entry of judgment, a party may, but need not, file a motion for new trial or a motion to amend the judgment and opinion, or both."