In the Interest of T. P. S., a minor.

No. 11349.

Missouri Court of Appeals,
Southern District,
En Banc.

Jan. 2, 1980.

Motion for Rehearing and Transfer
Denied Feb. 26, 1980.

Donald J. Hager, Farmington, for appellant.

John R. Fowlkes, Caruthersville, for respondent.

PER CURIAM:

The mother of the child filed a notice of appeal from a judgment terminating her parental rights pursuant to §§ 211.442–211.-492, RSMo 1978. The judgment was entered March 6, 1979. There were no after trial motions and on April 12, 1979, the notice of appeal was filed. Section 211.261, RSMo 1978 provides that notice of appeal from a judgment under chapter 211 "shall be filed within thirty days after the final judgment, order or decree has been entered . . . ." See also Rule 120.01 V.A.M.R. The notice here was filed 37 days after the judgment was entered.

 The right of appeal under the juvenile code is purely statutory and we cannot enlarge the period within which an appeal may be taken. *In Interest of R——*, 362 S.W.2d 642 (Mo.App.1962). Under the juvenile code, filing of the notice of appeal within 30 days of the entry of judgment is a prerequisite to our jurisdiction. *In Interest of P. J. M.*, 536 S.W.2d 519 (Mo.App.1976). While we have no choice but to dismiss the appeal, the transcript has been reviewed

and the contentions of the parties considered. We believe that the best interests of the minor were served by the judgment entered. See *In Interest of R____*, supra, 362 S.W.2d at 645.

We do not have jurisdiction. The appeal is dismissed.

## ON MOTION FOR REHEARING, TO REINSTATE APPEAL AND DETERMINE MERITS OF CAUSE, OR TO TRANSFER TO THE SUPREME COURT

### PER CURIAM:

Appellant's counsel on appeal, who did not represent her at the trial or at the time of appeal, contends that § 211.261, RSMo 1978, does not apply to those sections of chapter 211 which pertain to the termination of parental rights. He claims that as there is no statutory provision for appeal, the Rules of Civil Procedure apply and that the notice of appeal can be filed within 40 days after entry of the judgment. Rules 81.04 and 81.05, V.A.M.R.; *State v. Lindner*, 498 S.W.2d 754 (Mo. banc 1973).

Appellant's contention is based upon the history of the enactment of the sections which now make up chapter 211. In 1957, 43 sections, numbered 211.010 to 211.420 were enacted. In two places § 211.261 (then § 211.260) referred to appeals "under the provisions of this chapter". The revisor of statutes renumbered and rearranged the 1957 enactment so that it was numbered from 211.011 to 211.431 and substituted "sections 211.011 to 211.431" for "this act" in both places in § 211.261. In 1959 the General Assembly passed an act "To amend Chapter 211, RSMo 1957 Supp., relating to neglected and delinquent children, by adding seven new sections relating to the same subject and providing, in certain cases, for the termination by the juvenile court of parental rights to children." Those were renumbered as §§ 211.441 to 211.511. In the 1959 Missouri Revised Statutes, § 211.-261 referred to appeals from the renumbered sections of the 1957 act. In the 1969 Revised Statutes, § 211.261 states "chapter" instead of "act" or "sections 211.011 to 211.-431". Section 211.261 appears the same in RSMo 1978 as it did in RSMo 1969. The section has not been reenacted or amended since 1957. In 1978, eight sections pertaining to termination of parental rights were repealed, and eleven new sections "relating to the same subject" were enacted. Appellant contends that § 211.261 only applies to appeals under the 1957 act and not to proceedings to terminate parental rights.

■ The committee on legislative research in preparing the revised statutes "shall not alter the sense, meaning, or effect of any legislative act, but may renumber sections . . . rearrange sections, . . . substitute the word 'chapter' for 'act' or 'article' and the like, . . . ." § 3.060, RSMo 1978. The 1959 act providing for termination of parental rights sought "to amend Chapter 211" which was then the 1957 act. The amendment added seven new sections "relating to the same subject". When an act is amended, it is then construed as if the amendments had always been there. *Blair v. Chicago*, 201 U.S. 400, 475, 26 S.Ct. 427, 446, 50 L.Ed. 801, 832 (1906); *Henry v. McKay*, 164 Wash. 526, 3 P.2d 145, 148, 77 A.L.R. 1025, 1030 (1931); 1A Sutherland Statutory Construction, §§ 22.34, 22.35, pp. 196–197.

■ The relationship of § 211.261 to the termination of parental rights sections of chapter 211 has been considered at least twice by this court. Where it was contended that no appeal lies from a judgment terminating parental rights, it was held that the parents had a right of appeal as provided in § 211.261. *In re Burgess*, 359 S.W.2d 484, 486–487 (Mo.App.1962). In footnote 2 to *In re M____*, 446 S.W.2d 508, 510 (Mo.App.1969), this court stated that as numbered and arranged by the committee on legislative research, it might appear that particular procedural provisions in chapter 211 pertained only to §§ 211.011 to 211.431. However, the court further noted that there was nothing in the 1959 law to justify a holding that the new sections, pertaining to termination of parental rights, were to be set apart from the other provisions. It said

that the 1959 sections should be considered interrelated with the 1957 act, and thus the parent had a right to appeal under § 211.-261. This would appear to be true regarding the current provisions for termination of parental rights. Both amendments expressly provided that they were "relating to the same subject". Reading the 1957 act and its amendments as one act, we believe that § 211.261, RSMo 1978, applies to all sections now in chapter 211.

We also do not believe that Rules 81.04 and 81.05, V.A.M.R., give appellant 40 days to file her notice of appeal. Rule 41.01 might seem to make them applicable. However, it has been stated that the Rules of Civil Procedure control juvenile court proceedings unless otherwise provided by statute. *In Interest of R. L. P.*, 536 S.W.2d 41, 43 (Mo.App.1976). Also see *State ex rel. R. L. W. v. Billings*, 451 S.W.2d 125 (Mo. banc 1970). The Rules of Civil Procedure have been held not to change the statutory time of appeal under § 211.261. *In re In Interest of T____ G____*, 455 S.W.2d 3, 9 (Mo.App.1970). A special statute dealing with procedure in a particular type of case controls over the general civil rules and where the legislature has set a time for appeal, that time controls. *Id.* In view of the decisions cited in this paragraph, we do not believe that the Civil Rules affect the time for appeal as provided in § 211.261, RSMo 1978.

The motion for rehearing, to reinstate appeal and determine the merits of the cause is overruled. The motion to transfer to the supreme court is denied.

All concur; except FLANIGAN, C. J., dissents and files dissenting opinion, and MAUS, J., dissents and concurs in the dissenting opinion.

FLANIGAN, Chief (dissenting).

I respectfully dissent.

The majority opinion, in holding the filing of the notice of appeal to be untimely, states: "Filing of the notice of appeal within 30 days of the entry of judgment is a prerequisite to our jurisdiction." The majority opinion relies upon the 30-day language contained in § 211.261.

In my opinion the notice of appeal was timely filed for the reason that its timeliness is to be gauged by Rules 81.04 and 81.05(a).

Rule 81.05(a) provides, in pertinent part, "For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed. . . ." Rule 81.04 provides, in pertinent part, ". . . No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final."

These rules, under the instant facts, gave appellant 40 days after entry of judgment in which to file the notice of appeal. The judgment was entered on March 6, 1979, no motion for new trial was filed, and the notice of appeal, filed 37 days later, was timely.

Rule 41.01(a) provides that the Rules of Civil Procedure (Rules 41 through 101) shall govern *all* civil actions in certain courts, including the circuit courts. Rule 41.02 provides that Rules 41 through 101 are promulgated pursuant to authority granted the supreme court by Section 5 of Article V of the Constitution of Missouri and supersede *all* statutes and existing court rules *inconsistent* therewith.

If § 211.261 is inconsistent with Rules 81.04 and 81.05(a), the rules control. It is unnecessary, in this case, to determine whether the 30-day language of § 211.261 had the effect, when combined with the 30-day language of Rule 81.05(a), of giving appellant 60 days [1] from entry of judgment.

1. In *In Interest of R. L. P.*, 536 S.W.2d 41 (Mo.App.1976), a judgment was entered on January 17, a timely motion for new trial was filed, and the court ruled on the motion on February 3. The notice of appeal was filed on February 20. In holding that the filing of the notice of appeal was timely the court said that appellant "had 30 days after February 3 under

This is so because the instant notice of appeal was filed both within that 60-day period and within the 40-day period prescribed by Rule 81.05(a) and Rule 81.04.

The Rules of Civil Procedure generally apply to juvenile proceedings. In *State ex rel. R. L. W. v. Billings*, 451 S.W.2d 125 (Mo. banc 1970), Rule 51.03(b), dealing with disqualification of judges, was held applicable. There the supreme court, at p. 127, said: "[T]he Rules of Civil Procedure apply, generally, to juvenile court proceedings in the only form of action recognized for procedural purposes, a civil suit or action." The court referred to § 211.171(6) which reads, "The practice and procedure customary in proceedings in equity shall govern *all* proceedings in the juvenile court."

There can be no doubt that an equity case is a "civil action"[2] within the meaning of Rule 42.01 which reads, "There shall be one form of action to be known as 'civil action.'" Rule 81.05(a) and Rule 81.04 govern the timeliness of an appeal in a proceeding which formerly would have been labeled an equity case.

Section 211.261, as the majority opinion states, does apply to a proceeding to terminate parental rights. *In re Burgess*, 359 S.W.2d 484 (Mo.App.1962); *In re M——*, 446 S.W.2d 508, 510 (Mo.App.1969). That statute allows an appeal from any *final* judgment. The majority opinion, in dismissing the instant appeal, relies upon the statute's last sentence, which reads: "Notice of appeal shall be filed within thirty days after the final judgment, order, or decree has been entered but neither the notice of appeal nor any motion filed subsequent to the final judgment acts as a supersedeas unless the court so orders."

It should be noted that the last sentence of the statute speaks in terms of the *entry* of the *final* judgment. To this extent, in my opinion, the statute may conflict with Rule 81.05(a) because, under that rule, a judgment does not attain finality upon entry. Finality is attained, if no timely motion for a new trial is filed, 30 days *after* entry. Moreover, the last sentence of the statute speaks in terms of entry of the final judgment and the filing of a motion subsequent thereto. Under Rule 81.05(a) such a filing postpones finality.

One of the cases relied upon by the majority opinion is *In re Interest of T—— G——*, 455 S.W.2d 3 (Mo.App.1970). In that case, the filing of the notice of appeal was held to be timely. There the judgment was entered on March 25, a motion for new trial was filed on April 8, the motion was denied on April 11, and a notice of appeal was filed on April 29. The court held that the filing of the motion for new trial postponed the finality of the judgment. Although the court did not say so, that postponement would be justified under that portion of Rule 81.05(a) which deals with the effect of the filing of a motion for new trial upon the finality of the judgment. The statutory counterparts of that portion of Rule 81.05(a) are § 510.340 and § 510.-360.[3]

---

§ 211.261" within which to file the notice of appeal.

In *In re Interest of T—— G——*, 455 S.W.2d 3 (Mo.App.1970), a juvenile proceeding, but not one involving termination of parental rights, a notice of appeal was held to be timely filed where it was filed 18 days after the court ruled on a timely motion for new trial. The court said the appellant had 30 days after the ruling on the motion within which to file notice of appeal.

The statutes pertaining to termination of parental rights (§ 211.441 through § 211.511) are not affected by the Rules of Practice in Juvenile Court (Rules 110 through 128) which became effective in 1976. See Rule 110.01. Under Rule 120.01(c) a notice of appeal "shall be filed within thirty days after entry of final judgment."

2. Former Rule 41.02 read: "Unless otherwise hereafter provided by statute, the Rules of Civil Procedure shall govern the practice and the procedure in all suits and all proceedings of a civil nature, legal, equitable and special, in the following courts . . . Circuit Courts . . ." That rule was repealed by Order of the Missouri Supreme Court of February 1, 1972, effective September 1, 1972. See Historical Note to Rule 41.01 V.A.M.R.

3. There is no statutory counterpart to the 30-day provision of Rule 81.05(a). That sentence apparently had its genesis in former supreme court Rule 3.24 adopted November 10, 1944,

The court, in *In re Interest of T——G——*, supra, 455 S.W.2d at p. 5, during its discussion of § 211.261 said: "Nothing within the law pertaining to juveniles can be found which indicates when or what judgment shall be considered final."

The fact that Chapter 211 contains no definition of "final judgment," although the term is used in § 211.261, lends support to the argument that Rule 81.05(a) applies. That rule contains such a definition "[f]or the purpose of ascertaining the time within which an appeal may be taken."[4] If the rule does not apply, the term used in the statute would remain undefined.

My view of § 211.261, considered in light of the civil rules, is that the portion allowing appeals remains intact, the omission to define "final judgment" is supplied by Rule 81.05(a), and the 30-day language is superseded by the 10-day language of Rule 81.04.

A somewhat analogous situation arose in *State ex rel. Nilges v. Rush*, 532 S.W.2d 857 (Mo.App.1975). There the court dealt with § 452.360 RSMo (L.1973, p. 470, § 13), which provides, in part: "1. A decree of dissolution of marriage or of legal separation is *final* when *entered*, subject to the right of appeal." The court rejected a contention that § 452.360, read in conjunction with Rule 81.04 (providing that notice of appeal must be filed not later than 10 days after the judgment becomes final), would require the filing of a notice of appeal 10 days after the date the court entered its order of dissolution. The court said, at p. 859:

"[T]his statute does not change the effect of Rule 75.01 which authorizes the trial court to retain control over judgments during a 30-day period after entry of judgment. So far as an appeal is concerned, a judgment does not become final until 30 days have expired after its entry absent the timely filing of a motion for a new trial. Rule 81.05. And notice of appeal must be filed within 10 days after the judgment becomes final under Rule 81.05. Rule 81.04; *Johnson v. State*, 521 S.W.2d 479, 480 (Mo. App.1975). Such rules govern all civil actions. They are promulgated pursuant to authority granted to the Supreme Court by § 5, Art. 5, Const. of Mo., and they supersede all statutes and existing court rules inconsistent with them. Rules 41.01, 41.02."

It is true, as pointed out by the court in *Rush*, that the first statute in the Dissolution of Marriage Act provides, in pertinent part: "The rules of the supreme court and applicable court rules apply to all proceedings under § 452.300 to § 452.415." § 452.-300 RSMo (L.1973, p. 470, § 1). However, that would have been the situation anyway because Rule 41.01(a) provides that the Rules of Civil Procedure shall govern *all* civil actions in the circuit courts.

Although the majority opinion and dictum in *In re Interest of T——G——*, supra, 455 S.W.2d at p. 9, question the validity of a rule which enlarges[5] or shortens the statutory period within which an appeal may be taken, there is authority to the effect that such a rule does not impair the *right* of appeal within the meaning of a constitutional limitation on the court's rule-making power forbidding such impairment. See *State v. Arnold*, 51 N.M. 311, 183 P.2d 845 (1947); *Ernst v. Lamb*, 73 Colo. 132, 213 P. 994 (1923).

---

effective January 1, 1945. See Carr, Missouri Civil Procedure, Vol. 2, p. 42, § 859.

4. "[A] judgment may be characterized as final in one sense or for some purposes and not in another sense or for other purposes . . . . For example, a judgment or decree final for the purposes of appeal is most certainly not final in the sense that it is conclusive on the parties until the losing party has failed to appeal within the time allowed by law, or, having appealed, until the appeal is determined; and, although it is not final in that sense because an appeal is pending, yet during that period it may be final in the sense that the court from which the

appeal was taken has exhausted its authority and is without jurisdiction to change, vacate or modify the judgment, or to enter another judgment." *State v. Randall*, 423 S.W.2d 765, 768 (Mo. banc 1968).

5. Under § 510.340 a motion for new trial "shall be filed not later than ten days after the entry of the judgment" on a jury verdict. Rule 78.04 enlarges the period to 15 days. Because the rule (and the statute) postpone the finality of the judgment until disposition of the motion, the rule has the *effect* of extending the time in which an appeal may be taken.

In my opinion Rule 81.04 and Rule 81.-05(a) apply to this proceeding and the notice of appeal was timely filed. Any part of § 211.261 which might be inconsistent with those rules is superseded by them. The appeal should be considered on its merits.