704 S.W.2d 217 (1986)
In the Interest of D.J.B.
STATE of Missouri, Petitioner-Appellee,
v.
M.B., Respondent-Appellant.
No. 67287.
Supreme Court of Missouri, En Banc.
February 18, 1986.
William B. Gresham, III, Poplar Bluff, for petitioner-appellee.
John A. Clark, Poplar Bluff, for respondent-appellant.
BILLINGS, Judge.
Thirty-four days after an order was entered terminating her parental rights, M.B., mother of D.J.B., filed a notice of appeal. The court of appeals dismissed the appeal for lack of jurisdiction. We ordered the case transferred to resolve the question whether the Rules of Civil Procedure or § 211.261, RSMo 1978, govern the time for taking an appeal from a juvenile court judgment, order or decree. We hold the rules control and M.B.'s appeal was timely filed.
In rejecting the mother's appeal, the court of appeals relied upon its earlier decision in In Interest of T.P.S., 595 S.W.2d 320 (Mo.App.1980), and authorities cited therein. That case held § 211.261,[1] rather than the civil rules of procedure, governed the time within which an appeal could be taken from the judgment of the juvenile court. The court held it was without jurisdiction to entertain the appeal because the notice of appeal was filed 37 days after the termination order had been entered.
In a dissenting opinion in T.P.S., Judge Flanigan concluded that the rules of civil procedure should apply and govern the time within which an appeal from a termination order could be taken. Because we find ourselves in agreement with the reasoning and result of that dissenting opinion, we with minor modifications, adopt the following portions thereof:
... [T]he notice of appeal was timely filed for the reason that its timeliness is to be gauged by Rules 81.04 and 81.05(a).
Rule 81.05(a) provides, in pertinent part, `For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed....' Rule 81.04 provides, in pertinent part, `... No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final.'
* * * * * *

*218 Rule 41.01(a) provides that the Rules of Civil Procedure (Rules 41 through 101) shall govern all civil actions in certain courts, including the circuit courts. Rule 41.02 provides that Rules 41 through 101 are promulgated pursuant to authority granted the supreme court by Section 5 of Article V of the Constitution of Missouri and supersede all statutes and existing court rules inconsistent therewith.
If § 211.261 is inconsistent with Rules 81.04 and 81.05(a), the rules control.
* * * * * *
The Rules of Civil Procedure generally apply to juvenile proceedings. In State ex rel. R.L.W. v. Billings, 451 S.W.2d 125 (Mo.banc 1970), Rule 51.03(b), dealing with disqualification of judges, was held applicable. There the supreme court, at p. 127, said: `[T]he Rules of Civil Procedure apply, generally, to juvenile court proceedings in the only form of action recognized for procedural purposes, a civil suit or action.' The court referred to § 211.171(6) which reads, `The practice and procedure customary in proceedings in equity shall govern all proceedings in the juvenile court.'
There can be no doubt that an equity case is a `civil action' within the meaning of Rule 42.01 which reads, `There shall be one form of action to be known as "civil action."' Rule 81.05(a) and Rule 81.04 govern the timeliness of an appeal in a proceeding which formerly would have been labeled an equity case.
* * * * * *
It should be noted that the last sentence of the statute speaks in terms of the entry of the final judgment. To this extent, in my opinion, the statute may conflict with Rule 81.05(a) because, under that rule, a judgment does not attain finality upon entry. Finality is attained, if no timely motion for a new trial is filed, 30 days after entry. Moreover the last sentence of the statute speaks in terms of entry of the final judgment and the filing of a motion subsequent thereto. Under Rule 81.05(a) such a filing postpones finality.
* * * * * *
The fact that Chapter 211 contains no definition of `final judgment', although the term is used in § 211.261, lends support to the argument that Rule 81.05(a) applies. That rule contains such a definition `[f]or the purpose of ascertaining the time within which an appeal may be taken.' If the rule does not apply, the term used in the statute would remain undefined.
My view of § 211.261, considered in light of the civil rules, is that the portion allowing appeals remains intact, the omission to define `final judgment' is supplied by Rule 81.05(a), and the 30-day language is superseded by the 10-day language of Rule 81.04.
* * * * * *
... [R]ule 81.04 and Rule 81.05(a) apply to this proceeding and the notice of appeal was timely filed. Any part of § 211.261 which might be inconsistent with those rules is superseded by them.
In Interest of T.S.P., 595 S.W.2d at 322-25.
Here, applying Rules 81.04 and 81.05, we hold M.B. had 40 days after entry of judgment in which to file the notice of appeal. The termination order was entered March 10, 1984, no after-trial motions were filed, and the notice of appeal, filed 34 days later, was timely.
The case is retransferred to the court of appeals for consideration of the merits of the appeal.
HIGGINS, C.J., and BLACKMAR, J., concur.
RENDLEN, J., concurs in result.
WELLIVER, J., concurs in result in separate opinion filed.
ROBERTSON, J., concurs in separate concurring in result opinion of WELLIVER, J.
DONNELLY, J., dissents in separate opinion filed.
*219 WELLIVER, Judge, concurring in result.
I concur in result.
The general question of time for appeal in juvenile matters is not involved in this case. It is unnecessary for this Court to address the question of apparent conflicts between our rules and statutes. The principal opinion correctly observes that § 211.261, RSMo 1978, enacted in 1957, establishes a right to appeal and provides that "[n]otice of appeal shall be filed within thirty days after the final judgment, order or decree has been entered ..." The clear import of this language directs that a notice of appeal must be filed within 30 days after the entry of the final judgment. The issue, then, is when is there an entry of final judgment? The principal opinion suggests that the legislature failed to specify when a final judgment occurs. The legislature has not failed to specify when a final judgment occurs in parental termination cases. Section 211.482, RSMo 1978, enacted by the legislature in 1978, relating specifically to termination of parental rights, provides that "[t]he order [terminating parental rights] shall be conclusive and binding on all persons and in all proceedings after ninety days from the date of its entry. Said order shall be a final order for purposes of the right of appeal by any interested party thereto." This statute makes the judgment final ninety days after its entry. Under § 211.261, the notice of appeal must then be filed within 30 days after the judgment becomes a final judgment[1] or within 120 days of its original entry. Apparently recognizing that 120 days after entry of a judgment is an unnecessarily long period to halt the termination process, the legislature in 1985 repealed § 211.482 and in lieu thereof has provided that a judgment becomes final 30 days after its entry. § 211.477.5, RSMo Supp. 1985. The entry of judgment here occurred in 1982 and, therefore, is under the old statute.
Clearly, application of our Rules 81.04 and 81.05 in this situation contravenes Art. 5, Sec. 5 stating that "the rules shall not change ... the right of appeal," because such application of the rules would shorten the allowable time for appeal by eighty-six days under the old statute or twenty days under the present statute in parental termination of rights cases. We have no choice other than to apply the applicable statutes even though the parties, the trial court and the court of appeals may have overlooked one of the applicable sections.
The question of time for appeal in all other juvenile cases outside of parental termination cases is not involved in this case.
DONNELLY, Judge, dissenting.
This Court may not affect the right of appeal by rule. Mo. Const. art. V, § 5.
I respectfully dissent.
NOTES
[1] Section 211.261 provides:

"... Notice of appeal shall be filed within thirty days after the final judgment, order or decree has been entered but neither the notice of appeal nor any motion filed subsequent to the final judgment acts as a supersedeas unless the court so orders."
[1] In a juvenile case, see In Interest of R.L.P. 536 S.W.2d 43 (Mo.App.1976).