IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT
IN THE INTEREST OF: D.R.T., )
 )
 Appellant, )
 )
v. ) WD83874
 )
JUVENILE OFFICER, ) Opinion filed: June 15, 2021
 )
 Respondent. )

 APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
 THE HONORABLE J. DALE YOUNGS, JUDGE

 Division One: Anthony Rex Gabbert, Presiding Judge,
 Edward R. Ardini, Jr., Judge and Thomas N. Chapman, Judge

 D.R.T.1 challenges the judgment entered by the Family Court Division of the Circuit Court

of Jackson County (“juvenile court”) dismissing him from its jurisdiction and transferring his case

to a court of general jurisdiction for prosecution as an adult pursuant to section 211.071, RSMo.

Because D.R.T.’s appeal is untimely, we dismiss.

1
 We use initials to identify the juvenile in this case pursuant to section 211.321, RSMo.

Statutory references are to the Missouri Revised Statutes (2016).
 Factual and Procedural Background

 On March 6, 2015, the Juvenile Officer of Jackson County filed a petition pursuant to

section 211.031.1, RSMo, alleging that D.R.T., born on January 1, 2002, needed mental health

services that his parents were unable to provide. Based on that petition, the juvenile court assumed

jurisdiction over D.R.T. and placed him in the custody of the Children’s Division. On December

5, 2015, the juvenile officer filed a motion to modify the juvenile court’s previous order of

disposition, alleging that D.R.T. had committed two counts of robbery in the first degree in

addition to violating the order committing him to the custody of the Children’s Division by leaving

his placement. Pursuant to section 211.071, RSMo, the juvenile officer requested the juvenile court

hold a hearing to determine whether, based on the allegations set forth in the motion to modify,

D.R.T.’s case should be dismissed from the jurisdiction of the juvenile court and transferred to a

court of general jurisdiction for prosecution as an adult.2

 Prior to the hearing, Deputy Juvenile Officer Sandy Rollo-Hawkins filed a certification

report with the juvenile court pursuant to section 211.071.6, RSMo, and Rule 129.03.3 The

certification report included summaries of police reports from the alleged robberies, a summary of

the surveillance video from the store where one of the robberies allegedly occurred, summaries of

D.R.T.’s history with the juvenile court and the Children’s Division, and an analysis of the section

211.071.6, RSMo, factors. The certification report was signed by both Rollo-Hawkins and her

supervisor, Matt Roberts.

2
 There were multiple other proceedings regarding D.R.T. conducted in the juvenile court between the time he was
placed under its jurisdiction and the certification hearing held pursuant to section 211.071.1, RSMo.
3
 Rule references are to the Missouri Supreme Court Rules (2018).

 2
 At the start of the certification hearing, the juvenile officer offered two exhibits: the

certification report and D.R.T.’s social file. D.R.T. asserted non-specific objections to “any

hearsay statements” contained in each exhibit that was overruled:

 [Counsel for the juvenile officer:] Your honor, at this time, I have two exhibits for
 the Court. Juvenile Officer’s Exhibit No. 1, his certification report. Pursuant to
 211.071, Subsection 6.

 THE COURT: Any objection to its receipt, [counsel for D.R.T.]?

 [Counsel for D.R.T.:] Just as a matter of record, I would object to any hearsay
 statements in there.

 THE COURT: All right. That objection is overruled. I will receive it as Exhibit 1.

 [Counsel for the juvenile officer:] Juvenile Officer’s Exhibit No. 2 is the social file
 of the juvenile, containing the reports previously entered at hearings regarding the
 juvenile.

 THE COURT: [Counsel for D.R.T.]?

 [Counsel for D.R.T.:] Also, as a matter of form, I would object to any hearsay
 statements in there. And I would request that that objection be continuing.

 THE COURT: All right. I’ll overrule those objections. Exhibits 1 and 2 will be
 received.

 Roberts testified in support of certifying D.R.T. as an adult.4 He testified that, based on the

police reports and surveillance video,5 D.R.T. went to two separate AT&T stores in the Kansas

City area, posed as a customer, pointed a gun at employees and demanded cell phones. Roberts

explained that robbery in the first degree is “one of the most serious crimes that a person can

commit in the state of Missouri, in general.” He acknowledged that, “[r]eviewing the video, it

appear[ed] to be calm robberies,” but offered that pointing a gun at someone is still “a vicious act.”

4
 Rollo-Hawkins was unavailable for the hearing.
5
 The surveillance video itself was not offered into evidence, but it was viewed at some point by the juvenile court
without objection.

 3
Roberts additionally described D.R.T.’s behavior while living in Children’s Division facilities as

“antisocial and violent[,]” and included fighting, bullying, and defiance. He stated that D.R.T. had

a “repetitive pattern of criminal offenses” during his time under the jurisdiction of the juvenile

court, culminating in the robberies alleged in this case. Roberts also explained that D.R.T.’s

“emotional intellectual maturity is less than what [he] would expect of a now 17-year-old[,]” but

that “he is at a higher level of sophistication than [Roberts] would expect of a 17-year-old, in that

he was able to – well, for one, he has the repetitive pattern of offenses that I’ve talked about.”

Finally, Roberts detailed the different types of placements and services available and offered his

view that D.R.T. “is not amenable to services that are available to the juvenile court” and “that he

should be certified to stand trial as an adult.” D.R.T. directed no objections to Roberts’ testimony.

 D.R.T., who had recently turned seventeen years old at the time of the hearing, called his

parents as witnesses.

 On February 21, 2019, the juvenile court entered its judgment dismissing D.R.T. from its

jurisdiction and transferring him to a court of general jurisdiction. The juvenile court found that

the offenses D.R.T. allegedly committed “are considered some of the most serious offenses under

the criminal code, and are undoubtedly crimes from which the community has a valid expectation

of being protected.” The juvenile court also found that the “alleged offenses and behaviors

involved viciousness, force, and violence[,]” and were crimes against persons. The juvenile court

noted that D.R.T. had “a history of repetitive and increasingly serious and violent pattern of

conduct[,]” and “in light of the numerous services that have been offered him in the years he has

been under this Court’s jurisdiction, his pattern of action indicates he is beyond rehabilitation under

the Juvenile Code.”

 4
 The same day that jurisdiction over D.R.T. was transferred to a court of general

jurisdiction, the State filed a felony complaint charging D.R.T. with two counts of robbery in the

first degree and two counts of armed criminal action. On April 26, 2019, D.R.T. was indicted by a

grand jury for the same offenses. Those charges remain pending.

 D.R.T. appeals from the judgment of the juvenile court transferring jurisdiction to a court

of general jurisdiction for prosecution under the general laws of the State.

 Discussion

 D.R.T. raises three points on appeal. In his first point, D.R.T. argues the juvenile court

abused its discretion by overruling his objections to hearsay statements contained in the two

exhibits admitted at his certification hearing. In his second point, D.R.T. alleges the juvenile court

committed plain error when it allowed Roberts to testify about events to which he had no personal

knowledge. Finally, in his third point, D.R.T. asserts the juvenile court committed plain error by

permitting Roberts to testify concerning the contents of a surveillance video depicting one of the

robberies allegedly committed by D.R.T. which was never admitted into evidence.

 Final Judgment and Timeliness of Notice of Appeal

 Before considering the substantive issues raised in this appeal, we must first determine

whether we have jurisdiction to address those claims at all. “‘This Court has an obligation, acting

sua sponte if necessary, to determine its authority to hear the appeals that come before it.’” State

v. Johnson, 617 S.W.3d 439, 443 (Mo. banc 2021) (quoting First Nat’l Bank of Dieterich v. Pointe

Royale Prop. Owners’ Ass’n, Inc., 515 S.W.3d 219, 221 (Mo. banc 2017)). “The right to appeal

derives solely from statute.” Id. (citing State v. Waters, 597 S.W.3d 185, 186 (Mo. banc 2020)).

 Section 211.261.1, RSMo, provides that “[a]n appeal shall be allowed to the [juvenile]

from any final judgment, order or decree made under the” juvenile code. That section further

 5
provides that a “[n]otice of appeal shall be filed within thirty days after the final judgment, order

or decree has been entered[.]” § 211.261.1, RSMo. The Missouri Supreme Court has held that in

the context of appeals authorized by section 211.261, RSMo, Rules 81.04 and 81.05 govern issues

related to finality and timeliness. See In Interest of D.J.B., 704 S.W.2d 217 (Mo. banc 1986).

Accordingly, when no after-trial motion is filed (as is the situation in the present case), a juvenile

court’s judgment becomes final thirty days after it is entered and a notice of appeal must be filed

within ten days thereafter. Id.; see also Rules 81.05(a)(1) and 81.04(a). “‘If a notice of appeal is

untimely, the appellate court is without jurisdiction and must dismiss the appeal.” Fid. Real Estate

Co. v. Norman, 586 S.W.3d 873, 878 (Mo. App. W.D. 2019) (quoting Spicer v. Donald N. Spicer

Revocable Living Trust, 336 S.W.3d 466, 471 (Mo. banc 2011)) (additional citation omitted).

 D.R.T.’s notice of appeal was filed on June 26, 2020, more than sixteen months after the

juvenile court issued its judgment transferring his case to a court of general jurisdiction. The

juvenile officer argues that this appeal should therefore be dismissed as untimely. D.R.T. counters

that the appeal was timely initiated, arguing that “the date the [juvenile] court’s judgment

certifying DRT to be prosecuted as an adult was entered, that judgment was not final[;]” instead,

the judgment became final and appealable on June 16, 2020, when the Missouri Supreme Court

decided D.E.G. v. Juvenile Officer of Jackson County, 601 S.W.3d 212 (Mo. banc 2020).

 In D.E.G., the Missouri Supreme Court held that section 211.261, RSMo, allows a juvenile

to appeal from a judgment dismissing the juvenile from the juvenile court’s jurisdiction after a

section 211.071, RSMo, hearing. 601 S.W.3d at 219-20. In reaching this result, the Court overruled

In re T.J.H., 479 S.W.2d 433, 434 (Mo. banc 1972), which had held that a judgment transferring

a juvenile to a court of general jurisdiction for prosecution as an adult was not appealable and that

 6
the proper method for challenging such a ruling “was a motion to dismiss the indictment in the

[trial] court.” D.E.G., 601 S.W.3d at 219; T.G.H., 479 S.W.2d at 435 (citation omitted).

 The Court in D.E.G. determined that reexamination of the appealability of a judgment by

a juvenile court dismissing jurisdiction and transferring the juvenile to a court of general

jurisdiction was necessary “because the right to appeal in a juvenile case is defined by statute and

the statute conferring that right has been amended since T.J.H. was decided.”6 601 S.W.3d at 216.

Relying on rules of statutory interpretation, the Court held that a judgment dismissing a juvenile

from the jurisdiction of the juvenile court was appealable:

 Section 211.261.1’s plain language is clear and unambiguous. Section 211.261.1
 allows for an appeal from “any final judgment, order or decree made under the
 provisions of this chapter. . . .” (Emphasis added). Therefore, . . . [the juvenile] has
 the right to appeal from the juvenile division’s judgment dismissing him from its
 jurisdiction.

Id. at 219 (emphasis in D.E.G.). Thus, the Judgment of Dismissal Pursuant to Section 211.071,

RSMo, entered by the juvenile court in the present case on February 21, 2019, was appealable and,

consistent with D.J.B, D.R.T.’s notice of appeal was due no later than forty days later.

 D.R.T. nevertheless argues that the judgment was not final and appealable until D.E.G. was

decided, asserting that, “[t]he moment that D.E.G. was decided, the hearing court’s judgment

dismissing the juvenile action and transferring jurisdiction became a final judgment.” D.R.T cites

no authority for this statement except to reference D.E.G.; but a close reading of D.E.G. lends no

support for this argument. Rather, the Court in D.E.G. simply announced what had been true since

at least 1994 when section 211.261, RSMo, was last amended – a juvenile may appeal from a

judgment dismissing the juvenile from the jurisdiction of the juvenile court and transferring

jurisdiction to a court of general jurisdiction to be prosecuted as an adult. There is no suggestion

6
 The amendments to section 211.261, RSMo, referenced in D.E.G. were enacted in 1994.

 7
in D.E.G. that its holding was intended to apply retrospectively to permit the initiation of an

otherwise untimely appeal from a prior judgment entered by a juvenile court. Moreover, D.R.T.

has not identified and we have not independently found any support for the proposition that a

judicial interpretation of a statute in effect for more than a quarter century independently operates

to revive a judgment that, under the judicial interpretation of the statute, became final and

appealable more than a year prior to the filing of the notice of appeal. Instead, we must and will

apply D.E.G.’s holding—that a judgment of the nature entered here is final and appealable—to the

procedural posture presented to determine whether D.R.T.’s notice of appeal was timely filed.

 “A judgment is rendered when entered.” Rule 74.01(a). In this case, the juvenile court

entered its judgment on February 21, 2019. As explained above, a notice of appeal from that

judgment was due no later than forty days later. D.R.T.’s notice of appeal was filed on June 26,

2020, more than sixteen months after the judgment was entered. Therefore, D.R.T.’s notice of

appeal was untimely, and we lack jurisdiction to hear the appeal. See Fid. Real Estate Co., 586

S.W.3d at 878.

 Conclusion

 This appeal is dismissed.7

 __________________________________________
 EDWARD R. ARDINI, JR., JUDGE

All concur.

7
 The juvenile officer filed a Motion to Strike Supplemental Legal File that was taken with this case. That motion is
denied.

 8